THE PEOPLE, on the relation of SPENCER STAFFORD and OTHERS, *vs.* THE MAYOR'S COURT OF ALBANY.

A judge has no authority to receive a verdict in the absence of the plaintiff, unless with his *express* assent.

MOTION for a mandamus, commanding the court below to amend the record of judgment in a cause by an entry of the proceedings, as they occurred at the taking of the verdict. From the return to the alternative mandamus in this case, it appeared that after the cause had been committed to the jury, the presiding officer informed the parties that the court would take a recess, and that he would attend and receive, and cause to be entered the verdict of the jury, when they should have agreed upon the same ; to which arrangement neither of the parties or their counsel *objected.* When the jury had agreed, the recorder came into court, (neither of the parties being present, although the plaintiffs' attorney had expressed a desire to be present,) and received the verdict of the jury, which was in favor of the defendant, under the impression that the parties had assented to the proceeding.

*By the Court*, WOODWORTH, J. Nothing less than *express* assent could have warranted the taking of the verdict in the absence of the plaintiffs. Such assent could not be inferred from their silence. Besides, it is evident that the plaintiffs wished to be present at the coming in of the jury, which might have been desired for the purpose of submitting to a nonsuit ; a right the plaintiffs were entitled to, and which, in this case, they were deprived of. The motion is granted, the record to be amended conformable to special directions drawn up by the court.