## JUDGE OF PROBATE *vs.* ABBOT & a.

Before opening his case to the jury, a plaintiff may become nonsuit, as a matter of right. After the case is opened, and before the return of a verdict, the court, in the exercise of its discretion, may permit him to become nonsuit. But this cannot be done after the verdict is returned.

DEBT upon a bond. The pleadings resulted in an issue to the jury, which was tried, and a verdict rendered for the defendant. After the verdict, the plaintiff moved for leave to become nonsuit, on the ground that the testimony of one of the witnesses, examined on the part of the defence, was entirely unexpected.

*Hubbard,* for the plaintiff.

*Leland,* for the defendants. The plaintiff may become nonsuit at his pleasure at any time before the cause is opened to the jury. After that, either party may insist on a verdict, unless the court in their discretion allow a nonsuit, which they may do upon good cause shown, when it cannot be claimed as a right. 12 *Mass. R.* 47, *Haskell* vs. *Whitney ;* 16 *Mass. R.* 317, *Locke* vs. *Wood ;* 5 *Bac. Abr.,* Nonsuit, *page* 143, *note.* Neither can the plaintiff be nonsuit against his consent. 6 *Pick.* 117, *Mitchell* vs. *N. E. M. I. Co.* The case in 16 *Mass.* 317, is strongly in point, but not so strong as the case at bar. There the motion was made before the verdict was rendered. Here it was made several days after the verdict was recorded and judgment satisfied.

PARKER, C. J. At any time before the plaintiff opens his case to the jury, he may become nonsuit, as a matter of right. The entry of his action does not oblige him to proceed with it. Even if issue be joined, this does not entitle the defendant to a verdict, if the plaintiff elect to abandon his action. 12 *Mass. R.* 48, *Haskell* vs. *Whitney.*

After the plaintiff has proceeded to open his case to the jury, he can no longer become nonsuit, as a matter of right.

The court may require that the case shall proceed; and, if the plaintiff do not put in his evidence, may direct the jury to return a verdict against him. But the court, in the exercise of its discretion, may permit him to become nonsuit at any time before the return of a verdict; and ordinarily does so, if it appear that no injustice will thereby be done to the adverse party. 12 *Mass.* 49; 16 *Mass.* 317, *Locke* vs. *Wood; Howe's Practice,* 268.

It seems that in New York it is held that the plaintiff has the right to submit to a nonsuit on the coming in of the jury, and before the verdict is returned. 2 *Wend.* 295, *Wooster* vs. *Burr;* 1 *Wend.* 36, *The People* vs. *The Mayor's Court of Albany.*

At the common law, upon every continuance, or day given over before judgment, the plaintiff might be nonsuited. *Co. Litt.* 139, *b.*

It seems that he could not become nonsuit at the same term at which he had appeared and been heard. *Cro. Jac.* 35, *Alderley* vs. *Alderley,* note to *Philips* vs. *Echard.*

He might be nonsuit after verdict for him, if he did not like his damages. *Vide* 5 *Mod.* 208.

But as early as 2 Henry iv. a statute was passed, ordaining that if the verdict pass against the plaintiff, he shall not be nonsuited. *Co. Litt.* 139, *b;* 5 *Mod.* 208, *Keat* vs. *Barker;* 5 *Bac. Abr., Nonsuit, D;* 5 *Dane's Abr.* 673; *Com. Dig., Pleader, W,* 5.

This statute is in amendment of the common law, and we have no doubt that the practice in this state has been not to permit a nonsuit after verdict.

It appears that since the statute, a nonsuit or discontinuance has been allowed, after a special verdict and an argument; but the reason of this would seem to be that a special verdict is in the nature of a statement of facts, and that the statute therefore was not intended to apply. *Cro. Jac.* 575, *Earl of Oxford* vs. *Waterhouse; Com. Dig., Pleader, W,* 5.

If the party in interest as plaintiff, in this case, was sur-

prised by the evidence of a witness at the trial, there was an opportunity to move for a continuance on that ground, which would have been granted by the court, upon a proper case made. Or the party might have moved the court for leave to enter a nonsuit, and this motion would have been in order, and might have been granted, in the discretion of the court, up to the time of the rendition of the verdict.

But a party ought not to be permitted to lie by, take the chance of success, and then deprive the other party of the benefit of his verdict, by a nonsuit ; nor ought the court to be called upon to exercise any discretion, in that respect, at such a stage of the proceedings.

We regard the rule as salutary and well settled. *Expedit reipublicæ ut sit finis litium.*

*Motion denied.*