## STEVENSON *v.* COFFERIN.

The certificate sent from the Superior Court to the Common Pleas upon questions transferred by the latter, is conclusive upon the Common Pleas to the extent of the questions transferred, but not further. The action remains in the Common Pleas, to be disposed of by that court.

The Common Pleas may re-transfer the matter for a correction of the certificate, either upon their own motion or at the request of the Superior Court; and the Superior Court may make other and further orders upon the questions.

After a certificate from the Superior Court upon a demurrer to pleadings, that there should be judgment for the defendant upon the demurrer, the Common Pleas, in their discretion, may permit the plaintiff to become nonsuit.

MOTION for leave to become nonsuit. The defendant demurred to the plaintiffs' declaration, and the questions arising upon the demurrer were transferred to the Superior Court for determination. The Superior Court sent to the Common Pleas, at the November term, 1849, the following certificate : "In this case it is adjudged by the court that there be judgment for the defendant upon the demurrer." The plaintiffs thereupon moved the Common Pleas for leave to become nonsuit. To this the defendant objected, and insisted that judgment should be entered according to the certificate from the Superior Court. And it was ordered that the questions arising upon the motion be reserved and assigned to this court for determination.

*Hall* and *Emerson*, for the plaintiffs.

*Hobbs*, for the defendant.

EASTMAN, J. This case, though quite brief, presents two questions of practice of some importance; the first is, as to the effect of a certificate sent from this court to the Common Pleas upon questions transferred for our deter-

mination ; and the second, as to the right of a party to become nonsuit after a demurrer to his pleadings.

The seventh and eighth sections of chapter 172 of the Revised Statutes provide for the sending of questions from the Common Pleas to the Superior Court, for their determination. The provisions are very general, and embrace almost all questions that may arise in an action, from the entry of the same to final judgment.

The ninth section of the chapter is as follows : "The decision of said Superior Court, in any of the cases aforesaid, shall be certified by the clerk thereof to the clerk of the Court of Common Pleas, in which the action is pending, and such judgment shall be entered, or disposition of the action made, as is directed therein."

It is contended by the defendant that the provisions of this section are peremptory ; that there is no discretion in the Common Pleas to suspend the entry of judgment according to the certificate, and that they have no power to make any order in the action, except that of judgment. If this be so, then the defendant is right in his position, and the plaintiffs' motion must be denied.

When a question is sent by the Common Pleas to the Superior Court for determination, the action in which the question arises does not go to the Superior Court, but only the question itself. Such facts only are stated and sent up as will raise the question understandingly, while the action itself remains in the court below, awaiting the decision. As soon as a result is arrived at, the decision is sent to the Common Pleas, and is there made the basis of further proceedings, in the same manner as though the Common Pleas were a court of last resort, and had passed upon the questions themselves. So far as the questions sent up are to be regarded, the decision of the Superior Court is conclusive, and the Common Pleas cannot depart from the certificate which is sent to them. The Common Pleas, however, are not compelled to proceed instanter,

and may suspend action upon the certificate, if it should appear that any mistake had been made in its terms, or any questions accidentally omitted to be decided, or the like. And we see no reason why they may not return the certificate to the Superior Court for correction, either upon their own motion or at the request of the Superior Court; nor any reason why the Superior Court may not send other and further orders upon the same questions, if the action has not been disposed of in the Common Pleas.

While, therefore, it is true that the Common Pleas are bound to take such steps in a case, or to enter such judgment as the Superior Court by their certificate shall determine, it must be understood that this obligation is applicable to the questions sent up, and no further; and that the action is still in the Common Pleas, to be disposed of by that Court.

Had the decision of the Superior Court in the present case been made by the Common Pleas as a court of last resort, it would have been competent for the plaintiffs, after the opinion was given, to have moved the court for leave to amend his declaration; and it would have been equally competent for the defendant to have moved for leave to withdraw his demurrer, had the decision been adverse to him. It is common practice, after the decision of the Superior Court upon a demurrer, for a party to ask leave to move the Common Pleas to amend his pleading, or withdraw his demurrer, as the case may be, and the request is generally granted as matter of course, and the certificate made accordingly. And whether a request of the kind is made to the Superior Court or not, we think the Common Pleas have generally, if not invariably, assumed to listen to such motions, and have granted them or not, as the justice of the case would seem to require. Beyond doubt, they have the right to re-transfer the case for a correction of the order, and that leave may be granted, should their power to allow the motion be questioned; but we are not aware that it has been.

The Common Pleas, then, after the determination of questions by the Superior Court, have the power to make any disposition of a case, or any orders in the same, which do not contravene the certificate of the Superior Court upon the questions sent up. The certificate controls them as to those questions, but no further; and they may entertain any motion in the same way as though the questions had been settled by themselves as a court of final resort. And they could entertain the motion of the plaintiff in this case, if it was of a kind proper to be made after a decision against him.

We come, then, to the question whether, after an opinion has been given upon a demurrer that there should be judgment for the defendant, the court, as a matter of discretion, may permit the plaintiff to become nonsuit. At the common law, upon every continuance or day given over before judgment, the plaintiff was demandable, and upon his non-appearance might have been nonsuit. Bac. Abr., Nonsuit, D; Co. Lit. 139, b. So, if he did not like the damages given by the jury, he might be nonsuit. Bac. Abr., Nonsuit, D; 6 Mod. 208. But by statute, 2 Henry IV., ch. 7, it was ordained and established that if the verdict passed against the plaintiff, he should not be nonsuited. Notwithstanding this statute, however, it was held that the plaintiff might be nonsuited after a special verdict; or after a demurrer and argument thereupon, and a rule for judgment for the defendant; though it seems that this could not be done at the same term. Bac. Abr., Nonsuit, D; Cro. Jac. 35.

The statute would appear to have been construed as applicable only to cases where the jury took and passed upon the whole matter; *Earl of Oxford* v. *Waterhouse*, Cro. Jac. 575; Com. Dig., Pleader, W, 5; so that, independent of such cases, the plaintiff could always become nonsuit upon any continuance.

In *Wooster* v. *Burr*, 2 Wend. 295, it was held that a

plaintiff has the right to submit to a nonsuit on the coming in of a jury, although they are prepared to certify a balance in favor of the defendant, in an action of assumpsit, where a notice of set-off had been given. And where a verdict was received without the assent of the plaintiff, it was set aside, the court remarking that it was the right of a plaintiff to submit to a nonsuit. *The People* v. *The Mayor's Court of Albany*, 1 Wend. 36.

But it has been otherwise held in Massachusetts; and in *Locke et als.* v. *Wood*, 16 Mass. 317, it was decided, that, after a cause has been opened to the jury, the plaintiff cannot become nonsuit, unless allowed by the court.

What the practice shall be in this respect upon issues of fact was settled in this State in the *Judge of Probate* v. *Abbott et al.*, 13 N. H. 31. It is there laid down that, before the opening of a case to the jury, a plaintiff may become nonsuit as a matter of right: That, after the case is opened, and before the return of the verdict, the court, in the exercise of its discretion, may permit him to become nonsuit; but that this cannot be done after the verdict is returned. And *Parker*, C. J., in that case says, that a party ought not to be permitted to lie by, take the chance of success, and then deprive the other party of the benefit of his verdict by a nonsuit; nor ought the court to be called upon to exercise any discretion in that respect at such a stage of the proceedings.

The statute granting a review after verdict is, in general, a full protection to a party against all the accidents and mistakes of a trial, which the court may not remedy at the time. In New-York they have no such statute, and hence, perhaps, the difference in the rule between that State and this.

But there is no review, in the statutory sense of the term, to a judgment entered upon demurrer. A writ of error is the only way in which the questions can be reëxamined. Nor are we aware of any decision by our

own court indicating the extent to which the court will go in permitting a nonsuit to be entered after an issue and decision at law.

After a decision that a demurrer has been well taken, and before judgment, the party will be permitted, on application at the same term in which the court pronounces its decision, to amend the pleading demurred to, on payment of costs. Graham's Practice 611; 2 Str. 735; 2 Saund. 402; 1 East 372; Com. Dig., Amendment, M.

So, on the other hand, in all cases of a demurrer by either party, where it is not frivolous, the court will, during the same term in which their decision is rendered against the party demurring, and at the time of giving judgment, allow him to withdraw his demurrer on payment of costs, and plead or reply. Graham's Prac. 611; 11 Johns. 22, 586; 2 Caine 369; 1 Johns. Cases 411.

The amendments are in the discretion of the court, and are, generally speaking, granted or refused according as they are conducive to the ends of justice, or otherwise. 1 East 135.

These suggestions and the authorities cited are material only as showing the light in which courts view a decision upon a demurrer; that ordinarily it is not final, but the parties are relieved from the decision upon terms. It stands in a very different position from that of the general verdict of a jury. A demurrer may raise such questions as to settle the whole controversy, and in such cases the defeated party can have no object in pursuing the matter further, and the court may very properly refuse to permit it; but where, as is often the case, the demurrer only settles questions preliminary to a trial by the jury, the ends of justice would be defeated by making the decision upon it final.

At common law, and also after the statute of Henry IV., there would seem to be no doubt that the plaintiff might become nonsuit after an order against him for judgment

on a demurrer; and we have met with no authority indicating a different rule. A plaintiff may misconceive the form of his action. His declaration or other pleading may be so defectively drawn as not to be amendable under the statutes or rules of court permitting amendments. He may find, also, that he has misapprehended the law of his case, so as to make it impracticable for him to proceed in his action; and in such cases it would oftentimes be unjust in the extreme to render a final judgment against him. The court, before whom the pleadings are, can readily apprehend his position, and rightly judge what justice requires, and determine the character of the judgment that should be rendered. And we think it should be left to their discretion to say whether the party should be allowed to become nonsuit after a decision against him upon demurrer, or not.

These plaintiffs, therefore, have leave to move the Common Pleas to become nonsuit. Of the propriety of granting the motion, that court in its discretion will judge.

*Motion for leave granted.*