WILLIAM H. WRIGHT, ADMIN'R. *v.* LEVI S. BARTLETT & AL.

Before opening his case to the jury, the plaintiff may become nonsuit, as a matter of right. After the case is opened, and before the return of a verdict, the court, in the exercise of its discretion, may permit him to become nonsuit.   But this cannot be done after the verdict is returned.

Where the cause has been once tried, and a verdict rendered and set aside, the same rules and remedy apply, as if the cause had never before been tried.

*Christie*, for Bartlett, cited upon the different points of his defence,

*Young* v. *Dearborn*, 22 N. H. 372 ; *Warren* v. *Nichols*, 6 Metcalf, 26 ; *Keithley* v. *May*, 29 Miss., 220, (20 U. S. Digest, 303 ;) *Folger* v. *Shaw*, 2 Wood & Minot, 531 ; *Squires* v. *Burgess*, 31 Vt., 466 ; Howe's Practice, 262 ; *Haskell* v. *Whitney*, 12 Mass., 47.

*Wilcox* and *Perley*, for plaintiffs, relied upon *Judge of Probate* v. *Abbot*, 13 N. H. 21, and cases there cited.

THIS was assumpsit upon two promissory notes, made by the defendants, and payable to the plaintiff, or order ; and, at the October Term, A. D. 1861, it was tried here and a verdict directed for the plaintiff for $3939.88, upon the evidence reported in the case reserved for the whole court, which may be referred to as part of this case.   This verdict was. set aside at the June Law Term, A. D. 1862; and since the former trial one of the defendants, Eliphalet Case, who was then the principal or only witness, has died.

And now at this January Trial Term, 1864, the plaintiff moves to become nonsuit, to which the surviving defendant, Bartlett, objects upon the ground, that he would be prejudiced thereby in consequence of the different rules and principles existing in other jurisdictions, where a new trial might be brought, and which might be applied to this case.

NESMITH, J.   It may be assumed to be now the general practice in the courts of law in this country, that a plaintiff may, at his own pleasure, or by right, either discontinue his suit, or become nonsuit, at any time before his cause is opened to the jury.   Coke Littleton, 138, 139 ; 2 Sellon's Practice, 384, 386 ; Comyn's Digest, Pleader, W. 5 ; *Judge of Probate* v. *Abbot*, 13 N. H. 22 ; *Caverly* v. *Jones*, 23 N. H. 573 ; *Bailey* v. *Kimball*, 26 N. H. 351.

In England, the practice has been regulated by at least two statutes. By chap. 7 of Henry 4, it was ordained, that, after verdict, a plaintiff shall not be nonsuit, which, before that time, was said to be otherwise at common law.   *Keat* v. *Barker*, 5 Modern Rep. 208.   The same principle is affirmed in *Locke* v. *Wood*, 16 Mass., 317.   The more modern statute of 14 Geo. 2, chap. 17, sec. 1, prescribes the rule where issue has been or may be joined by the pleadings.   The statute provides, " that where issue is, or shall be, joined in any action, or suit at law in any of his Majesty's courts of record, and the plaintiff or plaintiffs, in any such action or suit, hath or have neglected, or shall neglect, *to bring such issue on to be tried according to the course and practice of the said courts respectively*, it shall and may be lawful for the judge or judges of the said courts respectively, at any time after such neglect, upon motion made in open court, (due notice thereof having first been given) to give the like judgment for the defendant or defendants in every such action or suit, as in the case of nonsuit."   Thus, it will appear, in England, where the plaintiff is guilty of negligence in bringing on his case, the remedy to the defendant, on due motion, is the same *judgment* as is granted where plaintiff elects to make his motion

before he opens his case to the jury.    It is the judgment, as on nonsuit, in both cases.

The general practice now in England, is perhaps more liberal in favor of allowing nonsuits, than is prescribed here.    It is said now to be the practice there, that a plaintiff, where the judge finds the facts, or tries the cause, shall have the right to claim his nonsuit at the latest moment before the judge pronounces his judgment, or, where the case is tried by the jury, at any time before the jury have delivered their verdict.  *Outhwaite* v. *Hudson*, 11 Eng. Law & Equity Rep. 563 ; *Robinson* v. *Lawrence*, 7 Exchequer Rep. 123.    Such was the doctrine of the latter case as late as A. D. 1851.

But, in this State, we adhere to the rule established in the case *Judge of Probate* v. *Abbot*, before cited :—"That, after a plaintiff has opened his case to the jury, he can no longer become nonsuit, as a matter of right, but the court may require the case to proceed, and if the plaintiff do not put in his evidence, the jury, under the direction of the court, may return their verdict against the plaintiff ; and the court may, in the exercise of their discretion, permit plaintiff to become nonsuit before the return of their verdict, and ordinarily does so, if it appear that no injustice will thereby be done to the adverse party.    But, where the party *declines* to *open* his case to the jury, and moves to become nonsuit, we can find no authority to justify the court in refusing such application, unless where the plaintiff, by his own act or agreement, may have committed himself to such an extent, that to grant his request would be manifestly unjust to the other side."    Such was the case, *Whitney* v. *Haskell*, 12 Mass., 47, where the parties had agreed, and entered on the records of the court, " *to refer the action and all demands.*"    Where a set-off has been filed by defendant, the courts in different States have exercised their *discretion* variously.    In Pennsylvania, the plaintiff has been permitted to become nonsuit.  *McCredy* v. *Fey*, 7 Watts. 496 ; *Easton Bank* v. *Coryell*, 9 Watts & Sergeant, 153.    In Kentucky, *McCann* v. *Boyers*, 8 B. Monroe, 285.  In Illinois, *Berry* v. *Savage*, 2 Scammon, 261. In South Carolina, *Usher* v. *Sibley*, 2 Brevard, 32. In New York, a different practice has generally prevailed, and a nonsuit was refused in *Corkle* v. *Underwood*, 3 Duer Rep. 676 ; also in *Van Allen* v. *Schermerhorn*, 14 Howard, 287.    So in Mississippi, *Keithley* v. *May*, 29 Miss. 220, cited by defendant.    It is there held, that a discontinuance of an action is *not* a matter entirely at the discretion of the plaintiff, and that the court should not allow it, where it will deprive a party of a just defence to the action.

The case before us now stands like any other case, that has never been tried.    A verdict was once ordered for the plaintiff, but, upon the questions of law involved in the case, that verdict was, after examination and due consideration, set aside, and a new trial granted.  The plaintiff now declines to bring on the trial.    It behooves the court, before they make an *order*, to determine *how* it is to be enforced.    Under the law, we do not see how we can exercise a compulsory power over the plaintiff, and compel him to bring on the trial.    We can give the defendant the remedy set forth in the aforesaid statute of George 2.    That statute may be

properly deemed part of the common law, as adopted by us. The defendant has the right to his judgment on a nonsuit, and nothing more.