## STILES v. FORD.

PRACTICE — *receiving verdict in absence of parties.* A verdict in a civil case may be received by the court in the absence of the parties to the suit.

That the plaintiff in a civil case is not present in court when the verdict is brought in by the jury is not a ground of nonsuit.

*Error to District Court, Arapahoe County.*

THE action was replevin. When the jury retired from the bar to consider of their verdict, the court, being about

to adjourn, with the consent of the parties, directed the jury to seal their verdict and deliver it to the bailiff in charge and thereupon to separate to meet the court at its next incoming.

When the court again convened, the jury were present, and the verdict, being produced, was found to be as follows: "We, the jury, find the defendant guilty, and that the property in the goods and chattels in the declaration mentioned was, at the commencement of this suit, in the plaintiff, and we assess the plaintiff's damages for the detention thereof in $200," following which the record recites:

"Whereupon the said plaintiff, though solemnly called, comes not to hear the verdict of the said jury, nor doth he further prosecute his suit aforesaid against the said defendant in the plea aforesaid, whereupon the said jurors are wholly discharged from giving any verdict of and upon the premises aforesaid. Therefore it is considered by the court that the said defendant go hence hereof without day and have and recover of and from the said plaintiff his costs by him laid out and expended, taxed at        , and have execution therefor."

The plaintiff afterward moved the court to set aside the nonsuit and enter judgment on the verdict, which motion was denied and the plaintiff excepted.

Mr. M. BENEDICT, for plaintiff in error.

Messrs. FRANCE & ROGERS, for defendant in error.

HALLETT, C. J. By the common law the plaintiff was required to be present in court in person or by attorney when the verdict of the jury was received, in order to answer to the amercement to which he was liable *pro falso clamore suo.* 3 Black. Com. 376. But this fine or amercement is not at the present day imposed for any cause, and the costs to which he is liable, if he fail in the suit, may be adjudged against him although he be not present in court at the time the verdict is rendered. It would seem, therefore, that the reason assigned by Blackstone for requiring the plaintiff to

attend to receive the verdict no longer exists, and although he may attend for the purpose of polling the jury, he may unquestionably waive that right. In *People* v. *Mayor's Court of Albany*, 1 Wend. 36, it was said that the plaintiff had the right to submit to a nonsuit at the coming in of the jury, and therefore the verdict should not be received in his absence. But under our statute the plaintiff must have taken a nonsuit before the jury retired from the bar, and he could not have claimed that right if he had been present when the verdict was received. R. S. 510. Therefore, the reason assigned in New York, as well as that which existed at common law for requiring the plaintiff to be present at the coming in of the jury, does not obtain here, and we do not perceive that there is any reason for saying that the court may not receive a verdict of a jury in the absence of the parties. Undoubtedly the parties have the right to poll the jury and to object to the form and sufficiency of the verdict, but if they will not attend for that purpose at the proper time they should be regarded as waiving the right.

The plaintiff not having been present when the verdict was received, he could not, thereafter, raise any question which, by the rules of practice, he was required to present at that time; but the right of the court to receive the verdict, and enter it of record, in his absence, cannot be denied, and, therefore, we must regard the action of the court, in respect to the verdict, as entirely regular.

From what has been said, it will be apparent that the judgment of nonsuit, following the reception of the verdict, cannot be supported upon the reason therein assigned. For, if the plaintiff was not required to attend for the purpose of hearing the verdict, his failure to do so was, of itself, no ground of nonsuit. And, although the plaintiff should have been present to move the court for judgment upon the verdict, or for a new trial, or to take some further action in the cause, we think that the court was not warranted in proceeding to judgment against him without any delay whatever. The defendant asked nothing of the court, and a short time could have been allowed the plaintiff to take some other step

in the cause, without seriously obstructing the business of the court. Usually, the time and manner of proceeding in a cause must be left to the discretion of the court in which it is pending, to be exercised according to established rules of practice, and with due regard to the rights of litigants, and, where there is unreasonable delay on the part of the plaintiff in speeding the cause, we do not doubt the power of the court to nonsuit him, even when the defendant neglects or refuses to move the court in that behalf. But here the judgment of nonsuit appears to have been entered immediately after the verdict was received, and this we are inclined to regard as an abuse of the discretionary power which we concede is conferred upon all courts to dispatch the public business.

The judgment of the district court is reversed, with costs, and the cause is remanded, with leave to defendant to move the court for a new trial, and also with leave to plaintiff to move for judgment on the verdict.

*Reversed.*