HUDSON *v.* NASHUA.

When a bridge has been established as part of a public highway, and constructed and maintained by two towns in which it is situated, one of the

62   591
68   268
62   591
74   550

towns can maintain a petition against the other town or city, under Gen. Laws, c. 72, s. 4, for equitable contribution to the expense of rebuilding its part of the bridge, when such rebuilding is excessively burdensome, and the other town or city is greatly benefited by the bridge.

A mere agreement by the parties that the petition for equitable contribution be dismissed before any hearing upon the merits, is not an adjudication of the petition, and does not bar the petitioner from proceeding further for the same cause.

PETITION, for contribution for rebuilding the easterly half of Taylor's Falls bridge across Merrimack river, in Hudson and Nashua, under Gen. Laws, c. 72, s. 4. The facts appear in the opinion.

G. B. French, C. H. Burns, and A. F. Stevens, for the plaintiffs.

R. D. Barnes and Cross & Taggart, for the defendants.

ALLEN, J. The bridge, formerly a toll-bridge, was laid out and lawfully established as part of the public highway in 1854, the middle of the bridge and river being the dividing line between Hudson and Nashua. In 1881 the bridge, being out of repair, was rebuilt by the parties, each paying one half the expense, $11,000. Before the completion of the bridge the plaintiffs applied by petition to the court for relief, under Gen. Laws, c. 72, s. 4, claiming that the expense of rebuilding their part of the bridge was excessively burdensome, and that the towns of Londonderry, Litchfield, Pelham, and Windham, and the city of Nashua, in the vicinity, were greatly benefited by the bridge, and cited these towns and the city as chargeable with part of the expense. Before any hearing by the county commissioners, to whom the petition was referred, the plaintiffs, by agreement with Nashua, discontinued the petition as to that defendant and after having obtained contribution by Londonderry and Litchfield, and now proceed for further contribution against the defendants. The defendants move to dismiss the petition, and claim that the court has no jurisdiction under the statute, because the bridge is part of one continuous public highway in two municipalities, and the defendants cannot be called upon to contribute towards rebuilding beyond their half of the bridge; that if the court has jurisdiction, the plaintiffs' excessive burden has already been fixed and satisfied by the judgment for contribution against Londonderry and Litchfield; and that the defendants having been once cited and dismissed, the plaintiffs are estopped from claiming contribution of the defendants.

The claim of the defendants, that the statute (G. L., c. 72, s. 4) does not apply to a case of this kind, where a part only of the highway as established is within the limits of the plaintiff town,

would, if recognized, deprive towns, in many meritorious cases, of the remedy intended to be provided by the statute. Every town is compelled to build, and keep in suitable repair for the travel thereon, all the highways and bridges within its limits under penalty of indictment and fine for neglect to do so (G. L., c. 74, s. 1), and this includes parts of highways and bridges which by their mode of establishment extend into another and adjoining town. The statute provides for a proceeding of this character in favor of a town excessively burdened by rebuilding or repairing a highway, and against another town greatly benefited by the highway. The burden to the plaintiffs of rebuilding their half of the bridge was as excessive as it would have been to have built an entire bridge of the dimensions of that half, not connected by laying out with any road in Nashua, while the benefit to the defendants was greater. For the purpose of equitably adjusting the " excessive burden " of rebuilding the plaintiffs' half of the bridge between the plaintiffs and another town " greatly benefited " by the highway, the highway is in the plaintiff town and the defendant is another town.

When the highway was established, there was no provision of law by which the expense of building or taking the bridge could be equitably apportioned between the towns, as is now furnished by Gen. Laws, c. 68, s. 14, by which, on motion of any town interested in a petition for the highway, the commissioners may justly apportion the damages and expense of laying out and building the highway among the several towns in which it may be. The statute upon which this petition is brought provides that " the commissioners, on petition to the supreme court and proceedings thereon, as in case of laying out a highway, may order a portion of the expense to be paid by such other town." The proceeding in case of laying out a highway may include a highway in two or more towns, and a motion by one or more of the towns for an equitable apportionment of the cost, and there is nothing in the statute excluding its application from the case of one town's seeking to charge another town with a part of the expense of rebuilding a highway established in both towns. The construction of the statute contended for by the defendants recognizes the right of equitable apportionment of the original expense of building the highway when it is laid out, but denies the application of the rule when a rebuilding of the highway, at an equal or even greater expense, is required. It recognizes the right of apportionment, when the highway, though legally and by establishment terminating at the town boundary, in fact extends continuously into the adjoining town, and makes for purposes of travel one highway, but denies it when the two parts are laid out as one highway, though topographically and by connection, for purposes of municipal jurisdiction, construction, and repair, they are as much two highways as in the other case.

The case of *Sanborn's Petition*, 33 N. H. 73, was decided before

the law of 1861, in substance (G. L., *c.* 68, *s.* 14), provided for the apportionment of the expense of laying out and building a high-way between the several towns in which it is situated, and still longer before the statute on which this petition is founded was enacted, and which first appears in Gen. Stats., *c.* 66, *s.* 4. So far as that case furnishes any authority upon the question of construction involved here, it is in favor of the application of the statute to this case, and affords a remedy where none existed before. The statute applies, and the court has jurisdiction of the cause.

The judgment for equitable contribution against Londonderry and Litchfield, and its satisfaction by those towns, was not, as matter of law, an adjustment of the whole excess of the plaintiffs' burden in rebuilding its part of the bridge, nor did that judgment in the least degree affect the question of the magnitude of the defendants' benefit from the bridge. The merits of the question between the plaintiffs and the defendants were never tried, and remain as if there had been no proceeding against the other towns.

The plaintiffs had a right to become nonsuit as to one or all the defendants at any time before hearing, and the discontinuance of the petition as to the defendant was to that extent a nonsuit. The nonsuit being before a trial of the merits, there was no judgment to which the defendant was a party that would be a bar to another petition against it for the same cause. There was no agreement for anything except a discontinuance without costs, and an agreement for a nonsuit merely could have no legal results that would not follow a nonsuit elected by the plaintiffs. The questions of the excessive burden of the plaintiffs' rebuilding their half of the bridge and of the defendants' being greatly benefited by the rebuilt bridge, as between these parties, have not been determined. They are questions of fact, and must be determined by the commissioners of the county, a tribunal provided by law for that purpose.

*Case discharged.*

STANLEY, J., did not sit: the others concurred.