Rockingham, }
  June, 1895. }

## RYE v. ROCKINGHAM COUNTY.

Whether the expense of repairing a highway is burdensome to the town within the meaning of P. S., c. 73, s. 2, is a question of fact.

Neither the utility of the road to the citizens of the town, nor the relative rate of taxation in the town and county, is alone a test of burdensomeness.

PETITION, praying that the defendants be ordered to pay a part of the expense of repairing a highway. Facts found by a referee, who reports that if the words " burdensome to the town " in the statute mean burdensome because the highway is of little use to the inhabitants, the plaintiffs are entitled to relief; but if they mean burdensome as compared with the burden of taxation borne by other towns in the county, the plaintiffs are not entitled to relief.

*Drury & Peaslee*, for the plaintiffs.

*Louis G. Hoyt*, for the defendants.

CARPENTER, J. " The supreme court on petition and notice to the county commissioners may order any part of the expense of repairing a highway to be paid by the county, when the whole would be burdensome to the town." P. S., c. 73, s. 2. The question whether the whole expense is burdensome, is a question of fact. It is substantially the same question here as arises under P. S., c. 69, s. 11, and c. 72, s. 4, between towns. *Hudson v. Nashua*, 62 N. H. 591, 594. In the original acts the legislature prescribed the principles and specified some, at least, of the evidence upon which it is to be determined. The act making the county chargeable provided that in case the court should find the whole expense of repairs burdensome to the town, it should order the whole or any part of the expenses, as it should adjudge " most equitable and right," to be paid by the county. Laws

1840, *c.* 500. The act relating to the apportionment of the expense between towns provided that the road commissioners, in determining whether the whole expense of building a highway would be excessively burdensome to a town or towns in which it was laid, should " make examination of all the circumstances relating to such road, its public utility and the expense of its construction, the ability of such town or towns to bear the expense, and the benefit to such town or towns, and any other towns in the vicinity, from the construction thereof." Laws 1850, *c.* 958, *s.* 1. In the revision and condensation of the statutes, the language quoted was omitted as superfluous and not affecting the sense. R. S., *c.* 52, *s.* 8; G. S., *c.* 62, *ss.* 10–12, *c.* 66, *s.* 2.

The question of burdensomeness and its extent is to be determined, not in view of any one piece of evidence, but upon all the evidence. Neither the benefit of the road to the town nor the burden of taxation is alone the test. The expense is not necessarily burdensome to a town, within the meaning of the statute, because the highway is of little or no use to its citizens. Towns are required to make roads which are of practical advantage to few or, it may be, even to none of their inhabitants. Nor is the expense necessarily burdensome for the mere reason that it increases, or not burdensome for the mere reason that it does not increase, taxation in the town beyond that of neighboring towns and beyond the average taxation in other towns of the county. *Whittredge* v. *Concord*, 36 N. H. 530. There is no one unqualified test of burdensomeness. All the circumstances are to be considered,—the extent and cost of the repairs, the relative ability of the town and county, the location and character of the road, the portion of the public benefited by it, and any other evidence that justly bears on the broad question whether the county should equitably be subjected to a portion of the expense.

No judgment can be rendered on the finding of the referee. The report will be recommitted or a new trial had, as may be ordered at the trial term.

*Case discharged.*

All concurred.