Grafton,
May 5, 1908.

## BRIDGEWATER *v.* GRAFTON COUNTY & a.

The fact that a town has been decreed aid from adjoining towns for the repair of a bridge does not preclude it from exacting contribution from the county for the same purpose.

The question whether the whole expense of repairing a highway or bridge is burdensome to a town is one of fact.

PETITION, for contribution toward the expense of repairing a bridge in Bridgewater. Trial at the November term, 1907, of the superior court before *Pike*, J., who decreed that the petition be dismissed as to Holderness and apportioned the expense of repairing the bridge as follows: Fifty per cent to Ashland, twenty-five per cent to Bridgewater, fifteen per cent to Plymouth, and ten per cent to Grafton county. To this decree Grafton county excepted.

The plaintiffs' evidence tended to prove the following facts: That part of the bridge chargeable to Bridgewater is situated in the northeast corner of the town, on the main highway through the county from the White Mountain region to the lower part of the state. It is located where it best accommodates the general public, by whom it is much used, but it is about two and a half miles too far north to accommodate the citizens of Bridgewater and is little used by them. There is no village in Bridgewater. Since 1859 there has been a gradual decrease in the value of taxable property in the town, and in 1906 its assessed valuation was only $117,634. The valuation of the county has largely increased during the same period, and in 1906 was $20,583,693. The population of Bridgewater is small and has decreased materially in the past forty years, while that of the county has materially increased.

*Alvin F. Wentworth*, for the town of Bridgewater.

*Marshall D. Cobleigh*, solicitor, and *Smith & Smith*, for Grafton county.

BINGHAM, J. The questions in this case arise on an exception to the decree of the court requiring the county of Grafton to aid the town of Bridgewater in defraying the expense of repairing a bridge that crosses the Pemigewasset river in the northerly section of the town, on the highway leading from Plymouth to Ashland,

and constituting a part of the main thoroughfare for north and south bound travel through the county. In support of the exception two positions are taken. The first is that section 2, chapter 73, Public Statutes, does not authorize the court to require a county to aid a town in defraying the expense of repairing a highway or bridge, except where the petitioning town would not be entitled to aid from other towns under section 4 of the same chapter, and would itself have to bear the whole burden unless aided by the county. The second is, that if section 2 does confer such authority, there is no evidence in the case from which the facts essential to the decree against the county could be found.

Under the general law of the state, every town is required to build and keep in suitable repair for public travel all highways and bridges within its limits. P. S., c. 75, s. 1. This general rule has been modified from time to time by the enactment of laws relieving towns under certain circumstances from a part of the burden thus imposed. P. S., c. 73, ss. 2, 4; Ib., c. 69, ss. 11, 12, 13. The essential provisions of section 2, chapter 73, were first enacted in 1840. Laws 1840, c. 500. Its jurisdictional requirements have not been altered. The only material change in the law is the omission of a provision authorizing the court to order the whole expense to be paid by the county. Laws 1840, c. 500; R. S., c. 55, s. 18; G. S., c. 66, s. 2; Comm'rs' Rep. G. S., p. iv; Ib., c. 67, s. 2. It was not until 1867 that section 4, chapter 73, was enacted. Its provisions are not inconsistent with those of section 2, but are supplemental to them. The questions that arise under each are substantially the same. Rye v. County, 68 N. H. 268. Both were enacted in furtherance of the same purpose—to relieve towns of a part of the burden of repairing highways within their limits when equity and justice should require it. The decree against Plymouth and Ashland for equitable contribution was not, as a matter of law, determinative of Bridgewater's right to equitable contribution from the county, and the decree against the county discloses that it was not as a matter of fact. Hudson v. Nashua, 62 N. H. 591, 594. The terms " the expense " and " whole expense," as used in the statutes, mean the same; and the court had authority to order the county to pay such part of the whole of Bridgewater's burden in repairing its portion of the bridge as it appeared that equity and justice required.

Whether the whole expense of repairing a highway or bridge is burdensome to a town, is a question of fact. " There is no one unqualified test of burdensomeness. All the circumstances are to be considered,—the extent and cost of the repairs, the relative ability of the town and county, the location and character of the road, the portion of the public benefited by it, and any other evi-

dence that justly bears on the broad question whether the county should equitably be subjected to a portion of the expense." *Rye* v. *County, supra*, 268, 269. Tested by this rule,. there is evidence from which the court could find the facts essential to the decree.

*Exception overruled.*

All concurred.