Strafford
No. 86-160

TOTAL SERVICE, INC.

v.

PROMOTIONAL PRINTERS, INC. *& a.*

April 3, 1987

*Schoen & Bagley*, of Manchester (*Sterling H. Schoen, Jr.*, on the brief and orally), for the plaintiff.

*Sheehan, Phinney, Bass & Green P.A.*, of Manchester (*Edmond J. Ford* and *Michael C. Harvell* on the brief, and *Mr. Ford* orally), for the defendant.

JOHNSON, J. This appeal is from a denial by the Trial Court (*O'Neil*, J.) of the plaintiff's motion for voluntary nonsuit without prejudice. The plaintiff asserted that it was entitled, as a matter of right, to the granting of the motion without prejudice. The trial court disagreed, stating that it would grant the motion with prejudice or allow the plaintiff to proceed to trial as scheduled. The plaintiff did not want to proceed to trial, and the court granted the plaintiff's motion with prejudice.

The plaintiff presents the following questions for our review: (1) whether the trial court erred in denying the plaintiff's motion to become nonsuit without prejudice prior to the opening of the case, and (2) whether the trial court abused its discretion, in denying the plaintiff's motion, where there was no finding of special prejudice to

the defendants. We find no error or abuse of discretion, and affirm the decision of the trial court.

The plaintiff brought an action on July 20, 1982, alleging unfair competition, breach of confidential relationship, misappropriation of confidential information and diversion of corporate opportunities. The action was commenced initially by a petition for permanent injunction and monetary damages. A temporary injunction was denied, after an evidentiary hearing, by an order of the superior court dated August 24, 1982. After a hearing, a motion for rehearing was denied.

Trial on the merits was first scheduled for November 4, 1982. The court admonished the parties that no continuance would be granted "absent extreme emergency or exigency." The plaintiff moved for a continuance on October 29, 1982, on the ground that discovery was incomplete. The court granted the motion over the defendants' objection. The trial was then rescheduled for December 15, 1982. Between December 1982 and July 1983, motions were filed to compel evidence, to bar the testimony of the plaintiff's expert witness on damages for failure to disclose the expert's report, to dismiss and for partial summary judgment. A master heard the motion to bar the expert testimony and denied it on February 11, 1983, on the ground of mootness. The motion for partial summary judgment was denied on October 29, 1984.

A new trial date was then set for the week of April 1, 1985. On March 20, 1985, the plaintiff again filed a motion to continue, citing the fact that it had employed new counsel. The motion was granted and additional discovery was pursued. Trial was finally scheduled for March 24, 1986.

The defendants repeatedly had requested the plaintiff to produce its expert's report on damages so that they could examine that report prior to the trial on the merits. The defendants were assured by the plaintiff that the report would be made available. Three weeks before trial was scheduled to commence, the defendants still had not received the expert's report. Accordingly, the defendants filed a motion *in limine* on March 4, 1986, to exclude the expert's testimony from trial. The court granted that motion. Three days prior to trial, the plaintiff filed a motion for voluntary nonsuit without prejudice, stating that it was unable to proceed to trial as a result of the court's granting the defendants' motion *in limine*. The court granted the motion *with prejudice*.

In its motion for nonsuit and on appeal, the plaintiff asserts that it was entitled to a granting of the motion without prejudice, since the motion was filed prior to the trial's commencement. We disagree. The plaintiff, in asserting its right to nonsuit, relies on *Judge of Pro-*

*bate v. Abbot*, 13 N.H. 21 (1842), stating that it is directly on point and supports the position it asserts. In *Abbot*, the court stated that "[a]t any time before the plaintiff opens [the] case to the jury, [it] may become nonsuit, as a matter of right." *Id.* at 21. However, that statement was dictum.

In the context of the circumstances of this case, the holding of the *Abbot* case must be clarified and specifically distinguished from any dictum contained therein. In *Abbot*, the issue was whether a voluntary nonsuit could be taken by a plaintiff after a verdict. The holding in *Abbot* was that a plaintiff is *not* entitled to a nonsuit after a verdict is rendered. The court's statement in *Abbot* that the plaintiff was entitled, as a matter of right, to a nonsuit until the opening of the trial was dictum and, thus, has limited precedential value.

Eight years after the *Abbot* case, in *Stevenson v. Cofferin*, 20 N.H. 288 (1850), this court addressed the question of a plaintiff's becoming nonsuit after a decision upon a demurrer. Since a demurrer is a pre-trial motion, it is applicable to the case at bar. The court in *Stevenson* stated that "it should be left to [the trial court's] discretion to say whether the party should be allowed to become nonsuit after a decision . . . upon demurrer." *Id.* at 294. Thus, the court held that a plaintiff could be granted a nonsuit prior to the onset of the trial on the merits, but that the granting of the motion was subject to the discretion of the court. *Id.* *See also Baxter &c. Co. v. Company*, 98 N.H. 62, 94 A.2d 371 (1953); *Saykaly v. Manchester*, 97 N.H. 4, 79 A.2d 625 (1951).

The reasons for allowing a voluntary nonsuit are in many instances no longer applicable in light of the present ability of parties to amend pleadings and, in general, to try cases in a more flexible manner than in the 18th and 19th centuries. *See* Conklin and Nachman, *The Rights of Defendants Against Plaintiffs Who Take Nonsuits*, 25 TRIAL LAW. GUIDE 237, 251 (1981). *See generally* Head, *The History and Development of Nonsuit*, 27 W. VA. L. Q. 20 (1920).

■ In *Wright v. Bartlett*, 45 N.H. 289 (1864), this court stated an exception to a plaintiff's right to a nonsuit without prejudice.

> "[W]e can find no authority to justify the court in refusing such application [for nonsuit], unless where the plaintiff, by [its] own act or agreement, may have committed [it]self to such an extent, that to grant [the] request would be *manifestly unjust to the other side.*"

*Id.* at 291. (Emphasis added.) We believe the case at bar is governed by the *Wright* case.

The plaintiff, when questioned by the trial court, admitted that it

intended to continue to pursue the cause of action and to bring a new action for the same alleged harms. The court then found that the effect of granting the motion for nonsuit would be the same as granting another motion for continuance, and found no reason to grant it. It is important to note that at the time of filing of the plaintiff's motion for nonsuit, the defendants would not have been allowed to successfully file a motion for continuance, absent extraordinary circumstances. *See generally* SUPER. CT. RS. 46–50. Thus, granting a nonsuit without prejudice would give the plaintiff a right to which the defendants would not be entitled in similar circumstances. We cannot accept this result.

The plaintiff in this case was dilatory in not providing the defendants with a copy of the expert's report and in requesting the nonsuit without prejudice. While the defendants did not show how they were specifically prejudiced by the plaintiff's actions, they had participated in four years of litigation, with significant pre-trail activity as outlined above, and would be exposed to additional litigation if the nonsuit were to be granted without prejudice. This was sufficient general harm to warrant a finding of prejudice to the defendants.

It is clear that the plaintiff in this case has submitted to the jurisdiction of the court and has utilized the court's resources on numerous occasions. The parties had been preparing for trial for approximately four years, filing pre-trail and discovery motions, taking depositions and compiling evidence. To hold that after this lengthy preparation the court did not have discretion to grant the motion for nonsuit with prejudice would result in a waste of the court's resources and, in effect, allow the plaintiff to have virtual control over its litigation. Such action would also result in wasting the defendants' money, since the clients can be expected to incur attorneys' fees and expenses for as long as litigation is possible. Accordingly, we find that the plaintiff has relinquished control over its case and that it could have a voluntary nonsuit without prejudice only with the court's approval.

■■ We will not allow the plaintiff to avoid the consequences of its failure to use due diligence, or of its delaying tactics. The trial court did not err in denying the plaintiff's motion for nonsuit without prejudice, nor did it abuse its discretion in denying the motion without finding specific prejudice to the defendants. We uphold the decision of the trial court and affirm the granting of the plaintiff's motion for nonsuit with prejudice.

*Affirmed.*

All concurred.