Rockingham
No. 88-384

ALFRED L. ARCIDI

v.

SANDERS & MOCK ASSOCIATES, INC. & *a.*

November 16, 1989

*Ignatius R. J. Piscitello, Sharon J. Rondeau, Charles L. Lonardo,* and *John D. Hodges,* of Lawrence, Massachusetts (*Mr. Piscitello* and *Ms. Rondeau* on the brief, and *Mr. Hodges* orally), for the plaintiff.

*Boynton & Robinson P. C.,* of Franklin (*Stanley H. Robinson* on the brief and orally), for the defendants Sanders & Mock Associates, Inc., Emory W. Sanders, Wayne Mock, Center D. Sanders and James W. Sanders.

*Kahn & Brown,* of Nashua (*Kenneth M. Brown* on the brief and orally), for the defendant Peter Johnson.

## MEMORANDUM OPINION

SOUTER, J. The Superior Court (*Contas,* J.) granted the defendants' motion to dismiss the plaintiff's petition for specific performance of a real estate contract, on the ground that the plaintiff had stated at an arbitration hearing, SUPER. CT. R. 170,

that he no longer sought equitable relief, and that his counsel had repeated that representation at the hearing on the dismissal motion. In moving for rehearing, the plaintiff denied that his counsel had so represented, and claimed that he desired specific performance. He appeals the denial of his motion for rehearing. We reverse.

A principal of the corporate defendant auctioned two adjacent lots of land in Rye under terms that called for bids on the separate lots, followed by bids on the two lots together. The individual defendants Johnson and Cullen made the high bids, respectively, on the separate lots, but the plaintiff's bid on the lots combined exceeded the total of Johnson's and Cullen's. When the auctioneer refused to accept his bid, the plaintiff sued the auctioneer for specific performance and attached the lots. The auctioneer then petitioned for declaratory judgment and for interpleader of the individual defendants. The plaintiff obtained summary judgment against the auctioneer in his equity suit, although the court withheld any decree of relief until the interests of the individual defendants, if any, could be ascertained. Shortly thereafter, the plaintiff brought a separate action against the auctioneer for damages.

The three separate proceedings were consolidated and assigned to non-binding arbitration under Superior Court Rule 170. The plaintiff does not deny that, at the arbitration hearing, he stated he no longer sought specific performance. When the arbitrator's award was appealed, thereby restoring the cases to the trial docket, SUPER. CT. R. 170(k)(1), counsel for the auctioneer moved to dismiss the suit for specific performance on the ground that plaintiff's counsel had acknowledged that the plaintiff no longer sought that remedy. Plaintiff responded in writing with a "partial opposition" stating that he "agrees not to seek specific performance at this time due to changed circumstances," though he continued to seek security for an ultimate monetary judgment in his favor.

The trial judge granted the motion, on finding that the plaintiff had stated "in open court" at the arbitration hearing that he no longer sought specific performance, and that his counsel had reiterated that statement at the hearing on the dismissal motion. In moving for rehearing, the plaintiff's counsel denied that he had so stated, and claimed he had said the contrary, that the plaintiff did desire specific performance once again and was prepared to tender the bid price.

■ In this appeal from the denial of rehearing, we must first address a point not raised in the plaintiff's brief, but which could be ignored only at the risk of a misleading opinion. Superior Court

Rule 170(k)(2) provides that if an appeal is taken from an arbitrator's award, no one "shall be called as a witness to testify what took place in the arbitration" and the arbitration "documents" and "evidence" shall, as such, be inadmissible on appeal. Although we have no transcript of the hearing on the motion to dismiss and therefore cannot tell whether any objection was raised to evidence of the plaintiff's position during arbitration, we note that any offer of such evidence would have been open to objection.

Even without such evidence, however, the trial court would have been entitled to conclude from the plaintiff's objection to the dismissal motion that he did not in fact desire specific performance "at [that] time," and was concerned principally with security for any subsequent award of damages in his action at law. In the absence of a transcript we will assume, further, that the judge had an evidentiary basis for his finding that plaintiff's counsel had stated that position at the hearing. *See Perron v. Aranosian*, 128 N.H. 92, 94, 508 A.2d 1087, 1089 (1986). Whatever that evidentiary basis may have been, however, it is clear that when the motion for rehearing was filed, the plaintiff had changed his mind and desired specific performance as originally requested.

■ The question before us, then, is whether an order of dismissal based entirely on the plaintiff's apparent consent should be vacated when the plaintiff changes his mind prior to entry of judgment. The answer is suggested by comparing a plaintiff in this position to one who takes a voluntary nonsuit, *see generally* R. WIEBUSCH, 5 NEW HAMPSHIRE PRACTICE, CIVIL PRACTICE AND PROCEDURE §§ 1061–1076 (1984), at the discretion of the court, *see Total Service, Inc. v. Promotional Printers, Inc.*, 129 N.H. 266, 268, 525 A.2d 273, 275 (1987). If such a plaintiff has a change of mind, the nonsuit will not bar a subsequent proceeding for the same relief. *See Hudson v. Nashua*, 62 N.H. 591, 594 (1883). And if the change of mind should be expressed in a motion for reconsideration even before the judgment of nonsuit has been entered, a ruling vacating the order for nonsuit will be proper, in the absence of any indication of some unusual circumstance under which the defendant will be prejudiced. Otherwise, by insisting that the judgment be entered, the court would be doing nothing more than forcing the plaintiff to the trouble of commencing a new suit.

■ We think the same considerations should have induced the trial court to grant the motion for reconsideration in the instant case, since the defendants have pointed to no prejudice incurred in

reliance on plaintiff's counsel's representation that specific performance was not sought "at [that] time." Although both the defendants and the trial judge were doubtless justifiably exasperated by the plaintiff's shifts of position, we feel constrained to hold that it was an abuse of discretion to deny the motion for reconsideration.

The judgment will be reversed, and the petition for specific performance will be reinstated.

*Reversed.*

All concurred.