Hillsborough-northern judicial district
No. 97-349

THE CADLE COMPANY

v.

DENNIS PROULX

March 10, 1999

*Normand & Shaughnessy, P.A.*, of Manchester (*Marc W. McDonald* on the brief and orally), for the plaintiff.

*Scotch & Zalinsky*, of Manchester (*Bertrand A. Zalinsky* and *Henry E. Forcier* on the brief, and *Mr. Zalinsky* orally), for the defendant.

JOHNSON, J. The plaintiff, the Cadle Company, appeals the decision of the Superior Court (*Barry*, J.) denying its motion for voluntary nonsuit without prejudice. We reverse.

This case has a complicated procedural history arising from the plaintiff's attempt to collect on a promissory note executed by the defendant, Dennis Proulx. In 1992, the defendant executed a "settlement agreement," a promissory note for $100,000, and several mortgages and assignments in favor of St. Mary's Bank. The agreement, note, mortgages, and assignments were subsequently assigned to the plaintiff, an Ohio corporation whose principal business is to purchase various forms of indebtedness from a number of lenders. On July 24, 1995, the plaintiff filed a writ of summons against the defendant in an attempt to collect on monies owed under the note. The defendant moved to stay the proceeding on the basis that the plaintiff was a foreign corporation transacting business in New Hampshire without the requisite certificate of authority from the secretary of state. *See* RSA 293-A:15.01-:15.02 (Supp. 1998). The Superior Court (*Conboy*, J.) granted the stay, holding that "[b]ecause the plaintiff is transacting business in this state within the meaning of the statute, it must register as a foreign corporation." The plaintiff neither sought to appeal this ruling, *see* Sup. CT. R. 8, nor applied for a certificate of authority, *see* RSA 293-A:15.03 (Supp. 1998). Instead, it assigned the promissory note to a newly formed New Hampshire corporation, Cadle Properties of New Hampshire, Inc. (Cadle-N.H.). After the Superior Court (*Groff*, J.) denied the plaintiff's motion to substitute Cadle-N.H. as the plaintiff in this action, Cadle-N.H. filed its own collection action against the defendant. The plaintiff subsequently moved for voluntary nonsuit without prejudice in the original case. The superior court denied the motion and this appeal followed.

Before the plaintiff opens his case to the jury, the trial court has discretion to deny a motion for voluntary nonsuit without prejudice unless it would be manifestly unjust to the other side to do so. *Total Service, Inc. v. Promotional Printers, Inc.*, 129 N.H. 266, 268, 525 A.2d 273, 275 (1987) (quotation, brackets, and emphasis omitted). Accordingly, we will uphold the decision of the trial court absent an abuse of discretion. *Cf. Keshishian v. CMC Radiologists*, 142 N.H. 168, 181, 698 A.2d 1228, 1237 (1997) (motion after trial commenced).

The registration requirements of RSA 293-A:15.02 provide in pertinent part:

(a) A foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court in this state until it obtains a certificate of authority.

(b) The successor to a foreign corporation that transacted business in this state without a certificate of authority and the assignee of a cause of action arising out of that business may not maintain a proceeding based on that cause of action in any court in this state until the foreign corporation or its successor obtains a certificate of authority.

(c) A court may stay a proceeding commenced by a foreign corporation, its successor, or assignee until it determines whether the foreign corporation or its successor requires a certificate of authority. If it so determines, the court may further stay the proceeding until the foreign corporation or its successor obtains the certificate.

█ The plaintiff argues that the court abused its discretion in denying the motion for voluntary nonsuit without prejudice because Cadle-N.H. is the proper party to enforce the promissory note. The plaintiff concedes that it transferred the note to Cadle-N.H. in order to avoid the registration requirements of RSA 293-A:15.02, but contends that in doing so it simply engaged in a valid transfer of the note under Article 3 of the Uniform Commercial Code. *See* RSA 382-A:3-203 (1994). It is well settled that when a negotiable instrument is transferred from one party to another, any rights of the transferor to enforce that instrument are vested in the transferee. RSA 382-A:3-203(b) (1994). Assuming without deciding that the transfer of the note from the plaintiff to Cadle-N.H. was valid, Cadle-N.H. possesses the right to enforce the note against the defendant. *See id.*; *cf.* RSA 293-A:15.02(e) (providing that failure of foreign corporation to obtain a certificate of authority does not impair validity of its corporate acts). Accordingly, we agree that because the plaintiff divested itself of the right to enforce the note in a court proceeding, having transferred "all of its right, title and interest" in the note to Cadle-N.H., it was an abuse of the court's discretion to deny the plaintiff's motion for voluntary nonsuit without prejudice after it no longer had any rights to enforce.

The defendant contends that the effect of granting the plaintiff's motion would be to allow the plaintiff to avoid the court's order that it must register simply by transferring the note to an affiliated New Hampshire corporation. The business corporations statute, contrary to the defendant's assertion, does not endow the court with the

power to force registration, *cf.* RSA 293-A:15.02(d) (the attorney general has the power to bring proceedings to recover fines for nonregistration); rather, the statute merely grants the courts the power to stay proceedings *brought* by foreign corporations in the absence of proper registration. RSA 293-A:15.02(b), (c). Because we decline to add words to the statute and thus bestow powers that the legislature did not see fit to include, *see Olson v. Town of Fitzwilliam*, 142 N.H. 339, 344, 702 A.2d 318, 321 (1997), we find the defendant's argument that to grant the plaintiff's motion would usurp the court's power to order registration to be without merit. Furthermore, we note that the business corporations statute envisions exactly this sort of transfer of assets to a successor or assignee, *see* RSA 293-A:15.02(b), and accordingly find the defendant's argument unpersuasive.

■ The defendant also asserts that the superior court properly denied the plaintiff's motion for nonsuit because "[t]he threat of additional litigation, coupled with the previous twenty-four (24) months of litigation and discovery without result, constitute[s] general harm sufficient to require a finding of unfairness to the Defendant." We disagree. In *Total Service, Inc.*, 129 N.H. at 269, 525 A.2d at 275-76, we found that the trial court did not abuse its discretion in denying the plaintiff's motion for nonsuit, even though it made no finding that a nonsuit would result in specific prejudice to the defendants. There, we found that additional litigation would cause general harm to the defendants because the trial date had been rescheduled numerous times over a four-year period, the plaintiff's motion came three days before the final trial date, and the motion was an attempt by the plaintiff to avoid the consequences of its failure to disclose the report of its expert witness in a timely fashion. *Id.* The mere prospect of duplicative and possibly inconvenient litigation, however, is not enough to warrant denial of the plaintiff's motion for nonsuit without prejudice. *See Powers v. Professional Rodeo Cowboys Ass'n*, 832 P.2d 1099, 1102 (Colo. Ct. App. 1992); *cf. Keshishian*, 142 N.H. at 181, 698 A.2d at 1237 (granting of motion would force defendant to bear burden of plaintiff's "failed strategic gamble"); *Total Service, Inc.*, 129 N.H. at 269, 525 N.H. at 275 (granting motion would give plaintiff total control over litigation). Otherwise, courts could deny such motions as a matter of course. In this case, while additional litigation may ensue, it is not clear that any additional delays would be unfair to *this defendant.*

Finally, the plaintiff, in its notice of appeal and brief, asks this court to decide whether its motion for voluntary nonsuit must be

granted before Cadle-N.H. can pursue its separate suit. Because we are reversing the trial court's order denying the plaintiff's motion for voluntary nonsuit, we need not render an opinion on this question. *See Appeal of City of Portsmouth, Bd. of Fire Comm'rs*, 137 N.H. 552, 558, 630 A.2d 769, 772 (1993). Furthermore, this question was not raised in the plaintiff's motion for a voluntary nonsuit or in its motion for reconsideration of the trial court's order and is not properly before us for consideration. *See Barrows v. Boles*, 141 N.H. 382, 395, 687 A.2d 979, 990 (1996).

Accordingly, we reverse the superior court's order denying the plaintiff's motion for voluntary nonsuit without prejudice.

*Reversed.*

All concurred.