After a cause is opened to the jury, the plaintiff cannot become nonsuit, unless allowed by the Court.
• In this action, when the verdict was returned, which was at the last term here, the chief justice sitting, and before it was recorded, the counsel for the plaintiffs moved that the verdict be set aside, and for leave to discontinue, because they apprehended that the testimony of a material witness had been misapprehended by them in arguing the cause, and also by the jury. But the chief justice refused leave to discontinue, and ordered the verdict to be recorded ; .relieving it to be discretionary with the judge, and thinking that, as several days had passed between the time of delivering the cause to *264 the jury and the bringing of their verdict into court, the contents of the verdict had been communicated to the party; and that it would be dangerous to establish a precedent of the kind.
renewed the motion, and they contended it to be the right of a plain tiff to become nonsuit, or to discontinue, at any stage of the action before judgment.
But the Court were of opinion that there was no such right;. and that, after a cause is opened to the jury, and begun to be [ * 318 ] proceeded in before them, the parties are entitled * to a verdict, unless the Court should, in its discretion, allow a nonsuit or discontinuance (1) ,(2).
A new trial was, however, granted upon other grounds, and upon terms as to the cbsts. [This decision cannot be supported by the authorities.—See Arckbold, Pr. Com Pl. vol. 1, pp. 188, 189, 173. 2 ml. p. 251. —Haskell vs. Whitney, 12 Mass. 49, 3d edition, note a. —Ed.]