## COUNTY OF HAMPSHIRE, AT NORTHAMPTON,
### SEPTEMBER TERM 1860.

PRESENT:

Hon. CHARLES A. DEWEY,
Hon. THERON METCALF,
Hon. PLINY MERRICK,
Hon. EBENEZER R. HOAR, } Justices.

---

### Solomon Shaw *vs.* Thomas Boland.

A plaintiff who has opened his case to the jury, called witnesses, and, after they have been sworn generally, examined them as to the existence and loss of a document, with a view to the introduction of secondary evidence of its contents, is not entitled, as of right, to become nonsuit, and cannot except to the refusal of the judge to permit him to do so.

Writ of entry to foreclose a mortgage. At the trial in the superior court before *Lord*, J., the plaintiff's counsel fully opened his case to the jury; called four witnesses, who were sworn generally in the case; proceeded to examine them, in the first instance, to the court, for the purpose, as he said, of showing the existence and loss of the mortgage deed, and of thus laying the foundation for the introduction of secondary evidence of its contents; and stated that he should further examine

the same witnesses as a part of such secondary evidence. The witnesses were all cross-examined by the defendant's counsel, and questions were put to them by the judge, who, after hearing the testimony, refused to admit secondary evidence of the execution and contents of the mortgage; and, on the plaintiff's request and to enable him to procure additional evidence, postponed the further hearing of the case for four days, but did not discharge the jury. At the end of the time granted, the plaintiff introduced additional evidence; but the judge did not change his ruling. The plaintiff proposed to become nonsuit, claiming to do so as a matter of right; but the judge refused to permit it, a verdict was taken for the defendant, and the plaintiff alleged exceptions.

*G. Walker*, for the plaintiff. The evidence offered was only to the court upon a question which the jury were not competent to pass upon. The plaintiff, not having submitted evidence to the jury, or proceeded with his cause before them, had a right to become nonsuit. *Haskell* v. *Whitney*, 12 Mass. 48. *Locke* v. *Wood*, 16 Mass. 317. *Folger* v. *Shaw*, 2 Woodb. & Min. 531. The jury heard nothing, and so the record that they find their verdict "after hearing all matters and things in the premises" is false. *Wentworth* v. *Leonard*, 4 Cush. 418. By the English practice the plaintiff may become nonsuit at any time before verdict. 3 Chit. Gen. Pract. 910. So in this commonwealth, unless injustice be thereby done to defendant. Howe's Pract. 268. *Means* v. *Welles*, 12 Met. 361. See also U. S. Dig. 1852, Nonsuit, pl. 7, 21; 1853, Nonsuit, pl. 9, 10.

*C. Delano*, for the defendant.

METCALF, J. These exceptions must be overruled on the authority of *Locke* v. *Wood*, 16 Mass. 317. In that case it was decided that after a cause is opened to the jury, and is begun to be proceeded in before them, the plaintiff has not a right, of his mere pleasure, to discontinue his suit or to become nonsuit. Mr. Justice Jackson had previously expressed an opinion to the like effect in *Haskell* v. *Whitney*, 12 Mass. 48, 49. Such therefore is now the law of this commonwealth, whatever it may be elsewhere, or may have been here under the colonial ordinance

of 1641, which is found in Anc. Chart. 46. And this law seems to us to be eminently just. As a nonsuit is no bar to another suit for the same cause of action, a plaintiff might harass a defendant by unlimited litigation, if the court had no authority, in any case, to prevent a nonsuit.

The action of the judge, at the trial of this case, having been an exercise of his judicial discretion, cannot be supervised by us. Nor is the question before us whether he rightly decided that there was not sufficient proof of the loss of the plaintiff's mortgage to warrant parol proof of its contents. A nonsuit was refused, and a verdict taken, solely — so far as the exceptions show — because the plaintiff did not produce legal proof of the mortgage which was necessary to the maintenance of his action, although the court had granted him all the time that he asked for to procure such proof. *Exceptions overruled.*