WILLIAM WASHBURN *vs.* S. H. ALLEN and another.

Kennebec.    Opinion June 1, 1885.

*Nonsuit.    Practice.*

After the evidence was closed upon both sides, the plaintiff stated that he voluntarily became nonsuit, and the court ruled as a matter of law that he could not become nonsuit against the defendants' objection. *Held*, error.

Before opening his case the plaintiff may become nonsuit as a matter of right. After the case is opened, and before verdict he may have leave to become nonsuit in the discretion of the court; after verdict there can be no nonsuit.

ON EXCEPTIONS from superior court.

The opinion states the case.

*G. C. Vose and G. W. Heselton*, for the plaintiff, cited: Howe's Practice, 268; Chitty, Pr. 910; 1 Arch. Pr. Com. Pl. 173–188; 2 Arch. Pr. Com. Pl. 251; 5 B. & Cr. 178; 1 B. & Cr. 110; 3 Bing. 290; 2 H. Bl. 374; 2 Esp. 482, (note); 7 D. & E. 372; Watterman, Set-off, 749; *Gale* v. *Hoysradt*, 7 Hill, 179; *Wooster* v. *Burr*, 2 Wend. 295; *Dana* v. *Gill*, 20 Am. Dec. 255; *Merchants' Bank* v. *Rawls*, 50 Am. Dec. 394; *Haskell* v. *Whitney*, 12 Mass. 47; *Locke* v. *Wood*, 16 Mass. 317; *Shaw* v. *Boland*, 15 Gray, 571; *Lowell* v. *Merrimack M'f'g Co.* 11 Gray, 382; *Truro* v. *Atkins*, 122 Mass. 418.

*Baker, Baker and Cornish*, for the defendants.

The plaintiff may voluntarily become nonsuit as a matter of right, without the consent of the defendant, on leave of court. *Haskell* v. *Whitney*, 12 Mass. 47; *Burbank* v. *Woodward*, 124 Mass. 357. But after a cause has been opened to a jury and evidence offered, the plaintiff can not become nonsuit as a matter of right.

At common law, the plaintiff could become nonsuit at any time before verdict. 7 Watts, 496; 9 Watts & Serg., cited in *Theobald* v. *Colby*, 35 Maine, 179. But the courts of Massachusetts and Maine hold otherwise. *Haskell* v. *Whitney*, *supra*; *Locke* v. *Wood*, 16 Mass. 517; *Means* v. *Welles*, 12 Met. 361; *Shaw* v. *Boland*, 15 Gray, 571. The case last cited would seem to be conclusive upon the point in issue. The case at bar is much stronger for the defendants than that, because in that case the defendant had offered no evidence whatever, while in this case, the defendants' evidence had been put in, and the evidence on both sides closed.

The court, in this state, has never expressly decided the question, so far as we have been able to learn. But as intimating the view of our court, we would call attention to *Lyon* v. *Sibley*, 32 Maine, 576, where the principle was recognized by these words : " After evidence on both sides, the defendant has a right to insist that a verdict be rendered. "

There is one modification of the rule. It is this: Where, in the course of a trial, by reason of some accident or surprise, injustice would otherwise be done the plaintiff, the court may grant a nonsuit, not as a matter of right, but in its discretion for good cause shown. Com. Dig. Pleading, *w*, 5; *Phelps* v. *Echard*, Cro. Jac. 35; *Means* v. *Welles*, *supra*. But that modification does not arise in this case, because no occasion had arisen to call for its application, the plaintiff's counsel did not claim a nonsuit on such ground, and if it had been thus claimed, and the court refused it, no exception would lie to such a ruling, it being within the discretionary power of the court. *Ricker* v. *Joy*, 72 Maine, 106.

FOSTER, J.    This action was tried before the presiding justice, without the intervention of a jury. The parties upon both sides

had introduced their evidence, and at this stage of the trial, the plaintiff claimed to become nonsuit, to which the defendant objected; thereupon the court ruled, as a matter of law, that the plaintiff could not become nonsuit against the defendants' objection.

Before proceeding to consider the authorities that bear upon this question, it may be remarked that nonsuits may be classed under two divisions. (1.) Involuntary; as when ordered by the court against the plaintiff's objection. (2.) Voluntary; when allowed by the court on the plaintiff's own motion. Into the one or the other of the two classes the decided cases fall. The case under consideration comes within the last, and brings us to consider the rule of practice applicable in such cases.

The English practice differs somewhat from that of our own courts. At common law, as early practiced in the English courts, upon every continuance, or day given over before judgment, the plaintiff was demandable, and upon his non appearance might have been nonsuit. Bacon's Abr. Nonsuit, D ; Co. Litt. 139, b. And no verdict could be returned and given, unless in his presence, or that of his counsel, but the plaintiff was said to be *nonsuit*. Therefore it was usual for a plaintiff, when he or his counsel perceived that he had not given evidence sufficient to maintain his issue, to withdraw himself and be voluntarily nonsuited. 3 Black. Com. * 376; *Murphey* v. *Donlan*, 5 B. & C. 178, (11 Eng. Com. Law, 195.) And whenever the plaintiff ought to appear in court, he was at liberty to withdraw. Co. Litt. 138, b, 139, a; *Robinson* v. *Lawrence*, 7 Exch. 123. The plaintiff had a right to be nonsuited at any stage of the proceedings he might prefer, and thereby reserve to himself the power of bringing a fresh action for the same subject matter; and this right continued to the last moment of the trial, even till after verdict rendered, or, where the case was tried by the court without the intervention of a jury, until the judge had pronounced his judgment. *Outhwaite* v. *Hudson*, 7 Exch. 380. Consequently, if he was not satisfied with the damages given by the jury, he might become nonsuit. Bacon's Abr. Nonsuit, D ; *Keat* v. *Barker*, 5 Modern, 208.

But by statute, 2 Henry IV, c. 7, (A. D. 1400,) it was ordained and established, that if the verdict passed against the plaintiff, he should not be nonsuited, which before that time was otherwise at common law.

Notwithstanding this statute, which was an amendment of the common law, it was held that the plaintiff might be nonsuited after the finding of a special verdict, and the reason of this would seem to be that a special verdict is in the nature of a statement of facts ; and also after a demurrer and argument thereon, and a rule for judgment for defendant, though it could not be done at the same term. Bacon's Abr. Nonsuit, D ; *Alderly* v. *Alderly*, Cro. Jac. 35. And this statute was afterwards construed as applying only to cases where the jury had passed upon the whole matter. *Earl of Oxford* v. *Waterhouse*, Cro. Jac. 575 ; Com. Dig. Pleader, *w*, 5. Except in the cases above stated, the plaintiff could always become nonsuit upon any continuance.

In 1740, the English practice was further regulated by statute of 14 Geo. II, c. 17, which provides " that where issue is, or shall be, joined in any action or suit at law in any of his Majesty's courts of record, and the plaintiff or plaintiffs, in any such action or suit, hath or have neglected, or shall neglect, to bring such issue on to be tried according to the course and practice of the said courts respectively, it shall and may be lawful for the judge or judges of the said courts respectively, at any time after such neglect, upon motion made in open court, ( due notice thereof having first been given,) to give the like judgment for the defendant or defendants in every such action or suit, as in the case of nonsuit. "

It would seem that the practice in England, under the common law, as well as since the more modern statutes, has been perhaps more liberal in favor of allowing nonsuits to plaintiffs as matter of right, than is prescribed in this country. According to the practice there, as appears by the decisions of their courts, a plaintiff could not be nonsuited on the trial against his assent, but might insist, as matter of *right*, on the cause going to the jury, and thus take his chance of a verdict. *Dewar* v. *Purday*, 4 A. & E. 633.

In New York, there are but two cases, and those among the early decisions of that state, so far as we have been able to find, that incline towards the English practice. In one, where a verdict was received without the assent of the plaintiff, the court set it aside, remarking that it was the right of a plaintiff to submit to a nonsuit. *The People* v. *The Mayor's Court of Albany*, 1 Wend. 36. In the other, it was held that a plaintiff has the right to submit to a nonsuit on the coming in of a jury, although they are prepared to render a balance in favor of the defendant, in an action of assumpsit, and where a notice of set-off had been given. *Wooster* v. *Burr*, 2 Wend. 295.

Whatever may be the practice elsewhere, the courts of Massachusetts and New Hampshire have never adopted the early English practice, but, on the contrary, have declared that, after a cause has been opened to the jury, the plaintiff cannot become nonsuit, as a matter of legal right, but the court might allow it, at that stage of the case, in its discretion. In *Haskell* v. *Whitney*, 12 Mass. 47, JACKSON, J., in pronouncing the opinion of the court, says : " The plaintiff, or demandant, may, in various modes, become nonsuit, or discontinue his suit, at his pleasure. At the beginning of every term, at which he is *demandable*, he may neglect or refuse to appear. If the pleadings are not closed, he may refuse to reply, or to join an issue tendered ; or, after issue joined, he may decline to open his cause to the jury. The court also may, upon sufficient cause shown, allow him to discontinue, even when it can not be claimed as a right ; as after the cause is opened, and the evidence submitted to the jury. "

Also in *Locke* v. *Wood*, 16 Mass. 317, the court were of opinion " that there was no such right ; and that after a cause is opened to the jury, and begun to be proceeded in before them, the parties are entitled to a verdict, unless the court should, in its discretion, allow a nonsuit or discontinuance. "

These cases, decided in the early history of the jurisprudence of this country, and which are cited as leading decisions upon this subject by the courts of several states, were first referred to by the court in *Means* v. *Wells*, 12 Met. 361, decided more than thirty years later, and in which the principle decided by

them, defining the distinction between the plaintiff's *right*, and the *discretion of the court*, is there clearly recognized and affirmed.

And in another case, the court says : "A party may become nonsuit before going to a jury. " *City of Lowell* v. *Merrimack M'f'g Co.* 11 Gray, 382.

Again in *Shaw* v. *Boland*, 15 Gray, 572, METCALF, J., in beginning the opinion of the court, says : "These exceptions must be overruled on the authority of *Locke* v. *Wood*, 16 Mass. 317. In that case, it was decided that after a cause is opened to the jury, and is begun to be proceeded in before them, the plaintiff has not a right, of his mere pleasure, to discontinue his suit, or to become nonsuit. Mr. Justice JACKSON had previously expressed an opinion to the like effect in *Haskell* v. *Whitney*, 12 Mass. 48. Such, therefore, is now the law of this common-wealth, whatever it may be elsewhere, or may have been here under the colonial ordinance of 1641, which is found in Anc. Chart. 46. And this law seems to us to be eminently just. As a nonsuit is no bar to another suit for the same cause of action, a plaintiff might harass a defendant by unlimited litigation, if the court had no authority, in any case, to prevent a nonsuit. "

In a still later case in the same court Chief Justice GRAY affirms the doctrine that a plaintiff has the right to become non-suit at any time before trial, but · after the trial has begun, he can not become nonsuit, except by the leave and at the discretion of the court. *Inhab. of Truro* v. *Atkins*, 122 Mass. 418; *Burbank* v. *Woodward*, 124 Mass. 358.

New Hampshire has followed the decisions of Massachusetts, notwithstanding the court there, in the earliest decision on this question, fully recognized what had been the practice under the common law in the English courts. Chief Justice PARKER, in delivering the opinion of the court, states the rule of law as follows : "At any time before the plaintiff opens his case to the jury, he may become nonsuit, as a matter of right. The entry of his action does not oblige him to proceed with it. Even if issue be joined, this does not entitle the defendant to a verdict if he elect to abandon his action. *Haskell* v. *Whitney*, 12 Mass.

47. After the plaintiff has proceeded to open his case to the jury, he can no longer become nonsuit, as a matter of right. The court may require that the case shall proceed; and, if the plaintiff do not put in his evidence, may direct the jury to return a verdict against him. But the court, in the exercise of its discretion, may permit him to become nonsuit at any time before the return of a verdict; and ordinarily does so, if it appear that no injustice will thereby be done to the adverse party. *Locke* v. *Wood*, 16 Mass. 317; Howe's Practice, 268." *Judge of Probate* v. *Abbot*, 13 N. H. 21. And the court further remark that a party ought not to be permitted to lie by, take the chance of success, and then deprive the other party of the benefit of his verdict by a nonsuit.

The same court in a more recent opinion adheres to the rule established in the last case, and states that "it may now be assumed to be the general practice in the courts of law in this country, that a plaintiff may, at his own pleasure, or by right, either discontinue his suit, or become nonsuit, at any time before his cause is opened to the jury." *Wright* v. *Bartlett*, 45 N. H. 290; *Judge of Probate* v. *Abbot*, 13 N. H. 22; *Pollard* v. *Moore*, 51 N. H. 191; *Fulford* v. *Converse*, 54 N. H. 544; *Parker* v. *Burns*, 57 N. H. 602; *Farr* v. *Cate*, 58 N. H. 367; *West* v. *Furbish*, 5 Reporter, 235.

In our own state the question has never been directly before the court, but it would seem that the doctrine enunciated by the decisions of Massachusetts, before our separation, and by those of New Hampshire, has been admitted and recognized in several cases.

The first of these was *Prop. of Kennebec Purchase* v. *Davis*, 2 Maine, 356, wherein Chief Justice MELLEN, in speaking of the demandants' rights, in a writ of entry, to accept the offer of the tenants, says: "They certainly are not bound to proceed any further in a course of judicial investigation; they have a right to become nonsuit at any time before the cause be opened to the jury or the trial commenced, *Locke* v. *Wood*, 16 Mass. 317."

So, in the case of *Theobald* v. *Colby*, 35 Maine, 180. In that case, before the plaintiff had offered any testimony, the

defendant moved in writing for leave to withdraw his account in set-off, which was objected to by the plaintiff, the motion refused and the full court sustained exceptions, saying : " The right of a defendant in such a case is similar to a plaintiff's right to become nonsuit. *Muirhead* v. *Kirkpatrick*, 5 Watts and Serg. 506. And the plaintiff may become nonsuit, as of right, at any time before trial, *Haskell* v. *Whitney*, 12 Mass. 47. At common law, he might become nonsuit at any time before the verdict."

So far as we have been able to discover, this is the only intimation given by our court in the decisions upon this question of voluntary nonsuit, as to the extent of the plaintiff's *legal right as such*, aside from that exercise of *judicial discretion* in granting it, which is everywhere recognized, and which should not be here confounded.

That at any time before the cause is committed to the jury, it is discretionary with the presiding judge to permit the plaintiff to become nonsuit, on motion and for cause shown, where a nonsuit or discontinuance is not a matter of right, will not be doubted; and this has been the state of the law for a long period, both in England and in this country. *Philips* v. *Echard*, Cro. Jac. 35 ; *Means* v. *Wells*, 12 Met. 362.

But that after verdict for the defendant a nonsuit will not be allowed as of right, or in the discretion of the court, was settled in our own court in *Larrabee* v. *Rideout*, 45 Maine, 205.

We have carefully examined not only the authorities cited, but many others, in support of the extension of the rule to authorize a nonsuit, as matter of right, up to the time of verdict, but we are not satisfied that, as against the decisions of our own courts, the English practice, or the old common law doctrine should prevail. In the cases to which we have referred, our courts have fully recognized, though they have not seen fit to follow, the ancient common law as laid down many years ago in England. Many of the customs of our courts are different from those existing at that time, when no verdict could be returned for or against a plaintiff unless he or his counsel was present in court, and to avoid which, or, if in his favor, and the damages

were not satisfactory to him, he might withdraw himself and become nonsuit. "*Cessante ratione legis, cessat ipsa lex.*"

Hence, not only upon principle, but authority, we may safely found this rule: That the plaintiff, before opening his case to jury, or to the court, when tried before the court without the intervention of a jury, may become nonsuit as a matter of right; after the case is opened, and before verdict, leave to become nonsuit is within the discretion of the court; after verdict there can be no nonsuit.

The reason of the rule is apparent, and needs no discussion. It is founded upon principle. If there were no place at which a party defendant could have any rights, save as to costs, till after verdict, great injustice might ofentimes result, with no power in the court to correct or restrain it. As a nonsuit is no bar to a future action for the same cause, a plaintiff, if so disposed, might harass the opposing party, whose residence or situation might be such as to necessitate great expense in the preparation or defense of a cause, with continued litigation, and the costs recoverable would be absolutely inadequate to compensate him for either. Courts of law are instituted for the administration of justice, and in so doing must be governed by wise and salutary rules that will neither afford improper advantage to one party nor work injustice to the other.

In this case both parties had introduced their evidence. The plaintiff thereupon stated that he voluntarily became nonsuit. The defendants objected. The court then ruled, as matter of law, that the plaintiff could not become nonsuit against the defendants' objection, and ordered judgment for defendants.

This we think was error. It was in effect, expressly denying that the trial court had the power, in the exercise of its discretion, to grant the nonsuit asked for by the plaintiff, and which, as we have stated, could have been done, in the discretion of the court, at that stage of the case.

*Exceptions sustained.*

PETERS, C. J., WALTON, DANFORTH, LIBBEY and EMERY, JJ., concurred.