### CONNECTICUT MUT. LIFE INS. CO. *v.* BEAR and others.[1]

*(Circuit Court, E. D. North Carolina. February 4, 1886.)*

1. **LIFE INSURANCE—EQUITY—CANCELLATION.**
    A court of equity will not set aside a contract for life insurance during the life of the assured, on the ground that it has been rendered void by something not appearing on the face of the policy, and which can be proved by extrinsic evidence.

2. **SAME—DISCRETION.**
    As the assured, who is now intemperate, may reform, and live out the ordinary expectation of life, this is not a case for the ordinary exercise of the discretionary power of a court of equity to order a cancellation, even if such power here existed.

In Equity.

*Reade, Busbee & Busbee,* for complainants.

*Russell & Ricaud,* for defendants.

SEYMOUR, J. This is a bill for the cancellation of a policy of insurance upon the life of the defendant S. Bear, in favor of the other

---

[1] Reported by John W. Hinsdale, Esq., of the Raleigh bar.

defendants, and the relief prayed for is put upon two grounds: *First,* an alleged false representation of his habits with respect to the use of spirituous liquors made by him in his application; and, *second,* an impaired condition of health caused by habitual drunkenness since the issuance of the policy.

The evidence does not prove the alleged fraud which constitutes the first cause of action.

Upon the second, it tends to show that the health of the defendant has been seriously impaired by the use of intoxicating drinks; that, if he shall continue in his present course of life, it is not probable that he will live to the age of ordinary expectation; and that, if he reform, nothing that has yet occurred will prevent his attaining to it. There is some evidence tending to show a recent change in his habits.

The contract of insurance contains a condition that, "if the insured shall become so far intemperate as to impair his health," the policy "shall become and be null and void." The court is of the opinion that the insured has become so far intemperate as to impair his health, and the question for determination is whether the plaintiff is entitled to relief in equity. It cannot be granted on the ground of fraud, for that has not been proved. The action must rest, if supported at all, on the jurisdiction of a court of equity to declare and establish a right.

The question is whether, during the life of the assured, a court of equity will set aside a contract of insurance, on the ground that it has been rendered void by something not appearing on the face of the policy, and which can be proved by extrinsic evidence. There are many reasons, which may be, and some of which have been in this case, urged in support of such action. The ordinary course of juries, in suits against insurance companies; the force with them of the argument that a company, having received the premiums during the life of the insured, ought not in justice to refuse payment after his death; the convenience of trying, while the evidence is easily accessible, the issue of the misconduct of the assured, — are inducements which would be very powerful were I passing upon the question as a legislator. As a judge, I am bound by precedent. No case can be cited in which a policy has been set aside during the life of the assured on the ground of a forfeiture occurring after the making of the contract. In *Insurance Co.* v. *Bailey,* 13 Wall. 616, a doubt is expressed as to whether it could be done in a case of a policy fraudulently obtained. In theory, if not in practice, the legal remedy is complete. The company may avail itself of it when sued. No division of the powers of courts of equity includes such a source of jurisdiction. A bill of peace can be brought only to avoid multiplicity of actions; a bill *quia timet,* except in certain cases under state statutes, only by one in possession of land, to remove a cloud in his title. This action is of the first impression, falling, as I have said, under no recognized title of equity.

There is further objection to it.   If the court could grant the relief asked, it would come within its discretionary power.   Since, in a case like this, it does not, and in the nature of things cannot, appear that the defendant may not reform, and live out the ordinary expectation of life, it is not, as matter of law, in the opinion of the court, a proper case for the exercise of the discretionary power to order a cancellation, even if such power existed.