ADA F. BROWN, Libelant, *vs.* DAVID BROWN.

Androscoggin. Opinion March 12, 1913.

*Abatement. Action. Attachment. Discontinuance. Divorce. Discharge.*
*Libel. Notice. Pleading. Practice. Vexing. Writ.*

1. A plea of the pendency of another action is a dilatory one, technical in its nature, and a person interposing it should clearly show himself within reason for its enforcement.
2. The principle on which the plea is allowed is that a person should be protected from being harassed and vexed by the pendency of two actions at the same time to recover the same demand.
3. At common law and in the earlier practice of the courts, the rule allowing this plea was applied with strictness, but the later decisions are more liberal.
4. The modern doctrine, supported by a great weight of judicial precedent, is that the rule allowing this plea is not one of unbending rigor or of universal application, but rather one to be applied to promote justice and equity.
5. That it should not be allowed where justice to the defendant does not reasonably require it and when to allow it would work manifest injustice to the plaintiff.
6. That class of cases which hold that the mere fact that another suit was pending when the second suit was begun does not of itself show that the second suit is necessarily vexatious.

On report. Plea adjudged bad. Respondent ouster.

The question at issue in this case is whether the plea in abatement filed by the defendant shall be sustained. May 18, 1912, the plaintiff began a libel for divorce against the defendant, which was inserted in a writ of attachment, returnable to the Supreme Judicial Court in Androscoggin County at the September term, 1912, on which writ the real estate of the defendant was attached for $10,000. This writ was duly served on the defendant, August 17, 1912, the plaintiff caused said attachment to be discharged of record, and on said 17th day of August, 1912, commenced another libel for divorce against the defendant, inserted in a writ of attachment on which the real estate of the defendant was attached for

$25,000. This second libel was duly served on the defendant and was entered in court at the September term of said court, but the first libel was not entered in court. The defendant's attorneys appeared specially for the defendant and seasonably filed a plea in abatement to the second suit on the ground of the pendency of another action when the second suit was begun. To the plea, the plaintiff replied denying that another action was pending when the second suit was begun. September 25, 1912, the first day of the term being September 17, 1912, the plaintiff caused a written notice directed to defendant to be delivered to Oakes, Pulsifer & Ludden, defendant's attorneys, that the first libel was discontinued by a discharge of the attachment. The case is reported to the Law Court upon the libel, plea in abatement and answer thereto, notice to counsel of the discontinuance of the former libel and the reply thereto and the agreed statement of facts. The court to render such judgment in the case as the law and the evidence require.

The case is stated in the opinion.

*Newell & Skelton,* for plaintiff.

*Oakes, Pulsifer & Ludden,* for defendant.

SITTING: WHITEHOUSE, C. J., SAVAGE, CORNISH, KING, BIRD, HANSON, JJ.

KING, J. May 18, 1912, the plaintiff began a libel for divorce against the defendant which was inserted in a writ of attachment, returnable to the September Term, 1912, of the Supreme Judicial Court for Androscoggin County, Maine, on which writ real estate was attached to the amount of $10,000, and the same duly served on the defendant. Thereafter, on August 17, 1912, the plaintiff caused said real estate attachment to be discharged of record in the Registry of Deeds where the same was recorded, and then began another libel for divorce against the defendant, in all respects the same as the first libel except the date, which was inserted in a writ of attachment returnable to the same term of court, and on which real estate was attached to the amount of $25,000, and the writ duly served on the defendant. The first action was not entered at said term of court, but the second action was, when and where Messrs. Oakes, Pulsifer & Ludden entered their appearance, speci-

ally, for the defendant and seasonably filed a plea in abatement on the ground of the pendency of another action between the same parties for the same cause. To that plea the plaintiff replied denying that another action was pending when the second suit was begun. September 25, 1912, after the first day of said term which was the 17th day of September, 1912, the plaintiff caused a written notice directed to the defendant to be delivered to Messrs. Oakes, Pulsifer & Ludden, in which notice she stated that the first libel "was discontinued by a discharge of said proceedings prior to the service of the libel dated August 17, 1912, and returnable to said court, which is now pending therein, and that said first libel is now and hereby discontinued." To that notice Messrs. Oakes, Pulsifer & Ludden replied to the plaintiff's attorney the same day acknowledging receipt of the notice, but stating that "we are not now and never have been attorneys of record of said David Brown respecting said suit. Neither are we attorneys in fact for said Brown respecting said suit. We therefore assume no obligation or responsibility in respect to said notice. In regard to a later suit, being a libel for divorce between the same parties issuing from your office on August 17, 1912, will say that we are not attorneys of record of said Brown, further than may be indicated by a special appearance made by us and the filing of a plea in abatement."

The case is reported to the Law Court upon the libel, plea in abatement, answer thereto, notice to counsel of the discontinuance of the former libel, the reply thereto, and an agreed statement of facts, which merely confirms the foregoing recitals.

The plea of the pendency of another action is a dilatory one, technical in its nature, and a person interposing it should clearly show himself within the reason for its enforcement. The principle on which the plea is allowed is that a person should be protected from being harassed and vexed by the pendency of two actions at the same time to recover the same demand. At common law and in the earlier practice of the courts the rule allowing this plea was applied with strictness, as shown in *Com.* v. *Churchill,* 5 Mass., 174; *Gamsby* v. *Ray,* 52 N. H., 513.

But later decisions are more liberal, and while the authorities are not now wholly in accord as to its application, we think it is the modern doctrine, supported by a great weight of judicial pre-

cedent, that the rule allowing this plea is not one of unbending rigor or of universal application, but rather one to be applied to promote justice and equity, and that it should not be allowed where justice to the defendant does not reasonably require it, and where to allow it would work manifest injustice to the plaintiff.

Hence that class of cases which hold that the mere fact that another suit was pending when the second suit was begun does not of itself show that the second suit is necessarily vexatious, and that an inquiry may be had as to whether it is in fact so, and whether the second suit was not necessary in order to protect and secure the plaintiff's full rights. The following cases are of that class: *Quinebaug Bank* v. *Tarbox*, 20 Conn., 510; *Downer* v. *Garland*, 21 Vt., 362; *Blackwood* v. *Brown*, 34 Mich., 4; *State* v. *Dougherty*, 45 Mo., 294; *Griffin* v. *Levee Commissioners*, 71 Miss., 767; *Norfolk & Western Railroad* v. *Nunnally*, 88 Va., 546; *Rogers* v. *Hoskins*, 15 Ga., 270; *Gilmore* v. *Georgia Railroad & Banking Co.*, 83 Ga., 482; *National Express & Transportation Co.* v. *Burdette*, 7 App. Cas. (D. C.), 551; *Phillips* v. *Quick*, 68 Ill., 324; *Byne* v. *Byne*, 1 Rich. (S. C.), 438; *Langham* v. *Thomason*, 5 Texas, 127.

And, as showing still more clearly a purpose to be liberal in favor of plaintiffs who have brought a second suit during the pendency of the first, there are those cases holding that a plea in abatement, founded upon the pendency of a former action may be avoided by the discontinuance or other termination of the former action after the plea is filed. *Banigan* v. *Woonsocket Rubber Co.*, 22 R. I., 93; *Wilson* v. *Milliken*, 103 Ky., 165; *Warder* v. *Henry*, 117 Mo., 530; *Page* v. *Mitchell*, 37 Minn., 368; *Nichols* v. *State Bank*, 45 Minn., 102; *Moorman* v. *Gibbs*, 75 Iowa, 537; *Trawick* v. *Martin Brown Co.*, 74 Texas, 522; *Grider* v. *Appersen Co.*, 32 Ark., 332; *Chamberlain* v. *Eckert*, 2 Biss., 124; *Moore* v. *Hopkins*, 83 Cal., 270; *Dyer* v. *Scalmanini*, 69 Cal., 637; *Porter* v. *Kingsbury*, 77 N. Y., 164, 167; *Crossman* v. *Universal Rubber Co.*, 127 N. Y., 34, 39; *Toland* v. *Tichenor*, 3 Rawle, 320, 324; *Findlay* v. *Keim*, 62 Penn. St., 112, 117, 118; *Winner* v. *Kuehan*, 97 Wis., 394, 397, 398; *Farris* v. *Hayes*, 9 Ore., 81, 87; *Ostmann* v. *Frey*, 128 S. W., 250. See also the very recent case *Mfrs.' Bottle Co.* v. *Taylor-Stites Glass Co.*, 208 Mass., 593.

We favor the more liberal doctrine and rules of practice of the later adjudications. Accordingly we are of opinion that, where a plea in abatement is filed setting up in defense the pendency of a former suit for the same cause, if it appears that the second suit was not brought to harass or vex the defendant, and is not in fact vexatious, it is more equitable to allow the second suit to stand and the first to be discontinued upon proper terms, if not already discontinued, than to order an abatement of the second suit, and thereby subject the plaintiff to the possible loss of substantial rights, and in any event to the expense and delay of beginning anew.

In the present case it may be conceded, perhaps, that the first suit was pending, in the technical sense, when the second suit was begun, and when the plea in abatement was filed. But the conclusion is inevitable that the plaintiff intended that it was in fact discontinued when the real estate attachment made therein was discharged. From that time there was no purpose on her part to enter the first suit in court. She had fully given up that suit in order to begin the second and make a larger attachment of real estate, presumably believing that it was necessary for her to do that in order to protect and secure her rights in her divorce proceedings against the defendant. It must be conceded, therefore, we think, under the circumstances disclosed, that the second suit was not brought for the purpose of vexing the defendant, and we do not perceive wherein it was in fact vexatious to him because of the technical pendency of the first suit. There was but one existing attachment against his property, and but one suit was actually entered in court. True, he was commanded to appear at court and answer to the first suit as well as to the second, but even that can not be regarded as very materially vexatious in view of the fact that both appearances were to be made at one and the same time, and only the second suit was in fact entered. Further, by complaint the defendant could have recovered his costs for appearing at court to answer to the first suit.

On the other hand, if the plaintiff's suit, now pending in court, is abated she will thereby be driven out of court empty handed and compelled to submit to the expense and delay of beginning anew, and perhaps to suffer the loss of substantial rights. Such conse-

quences ought not to be permitted as the result of a technical error in legal procedure.

Moreover, we find that the first suit has been fully and effectually discontinued before the determination of this plea in abatement, and that is a sufficient reason, according to the authorities cited, why the plea should not be sustained.

*Plea adjudged bad.*
*Respondent ouster.*