## WILLIE SILLERMAN AND ANOTHER v. NATIONAL COUNCIL OF KNIGHTS AND LADIES OF SECURITY.[1]

July 13, 1917.

Nos. 20,240—(77).

**Injunction — another suit pending — want of jurisdiction.**

The court properly denied the application of the defendant to restrain the plaintiffs, beneficiaries in an insurance policy, from proceeding to

[1]Reported in 163 N. W. 783.

recover thereon, which application was made upon the ground that there was pending, at the time of the death of the insured, an action to cancel said policy, in which action the beneficiaries were substituted in lieu, of the defendant, since jurisdiction to make such substitution was not acquired.

Action in the district court for Hennepin county by Willie Sillerman and Nathan Rosenhaft to recover $430.80 and $1,292.40, respectively, upon defendant's benefit certificate. From an order denying defendant's motion to restrain plaintiffs from proceeding with the trial of the action until final judgment shall have been entered in a certain other and earlier action instituted by defendant to cancel the beneficiary certificate of Anna R. Scheiber, defendant appealed. Affirmed.

*William G. White,* for appellant.

*George B. Leonard* and *M. Rose,* for respondents.

DIBELL, C.

This is a action by the beneficiaries upon an insurance policy. Prior to the death of the insured the insurance company brought an action against the insured to cancel the policy. Upon the death of the insured the insurance company procured the substitution of the beneficiaries in the equity action. Then it made an application in this action to restrain proceedings pending the determination of the equity suit. The application was denied and it appeals.

In the equity suit the plaintiff Sillerman was substituted on service made in this state and the plaintiff Rosenhaft upon service made in California. The service in California was insufficient to confer jurisdiction. National Council v. Scheiber, supra, page 423, 163 N. W. 781. It follows that the application for a restraining order was rightly denied. It is unnecessary therefore to consider the question, argued at some length, whether equity will enjoin the prosecution of an action at law on a policy when cancelation in the equity suit is sought upon the ground of a breach of a condition subsequent, as was held in Connecticut Mut. Life Ins. Co. v. Home Ins. Co. 17 Blatchf. 142, Fed. Cas. No. 3,107, or only upon a fundamental ground of equity jurisdiction, as fraud, accident or mistake, as was held in Connecticut Mut. Life Ins. Co. v. Bear (C. C.) 26 Fed. 582.

Order affirmed.