.Constantine Garoufalis

*vs.*

Elenike Orthodox Cenotis Agia Trias.

Androscoggin.　Opinion December 18, 1920.

*Breach of contract.　Covenant broken.　Assumpsit.　Plea in abatement.　Demurrer.
Two actions brought for the same cause, on the same day, and served at the
same time should be abated.*

Where two actions for the same cause are brought and served at the same time,
though differing in form, the plaintiff may not discontinue one and proceed
with the other, but upon the defendant seasonably filing a plea in abatement
to each writ, both actions must be abated.

On defendant's exceptions.　Two actions, one in assumpsit,
and one in covenant, to recover a balance alleged to be due plain-
tiff from the defendant, for personal services as parish priest in
charge of its church in Lewiston, under a written agreement there-
for, were brought for the same cause, on the same day, and served
at the same time.　The defendant filed a plea in abatement in
each case, alleging the pendency of another action for the same
cause.　The plaintiff thereupon filed a motion to discontinue the
action in assumpsit, which was sustained by the presiding Justice
against defendant's objection.　The plaintiff then filed a rep-
lication to defendant's plea in abatement in the other action, to
which defendant demurred.　The presiding Justice overruled the
demurrer and defendant excepted.　A verdict of $845 was returned
for plaintiff.　Exceptions sustained.　Demurrer sustained.　Writ
abated.

Case stated in opinion.

*William H. Newell*, for plaintiff.

*Ralph W. Crockett*, for defendant.

Sitting: Cornish, C. J., Hanson, Philbrook, Morrill, JJ.

WILSON, J.   The plaintiff entered into a written contract with the defendant church on the twenty-fifth day of November, 1915, to officiate as priest in accordance with the established canons of the Eastern Orthodox Church of Greece for a period of one year. In June, 1916, the plaintiff was discharged by the defendant on the ground that one of the inducements for entering into the contract was that the plaintiff was a regular priest of that faith in good standing, which the defendant claimed it had discovered was not true.

On the twenty-eighth day of October, 1919, the plaintiff sued out two writs against the defendant which were served on the defendant on the same day and at the same time and were both returnable and entered at the January term of the Supreme Judicial Court next following.

Both actions were brought to recover damages for the alleged breach of the contract above set forth, one being an action of covenant broken alleging the contract to be under seal, the other an action of assumpsit as for a breach of a simple contract.

The defendant seasonably filed a plea in abatement to each action on the ground of the pendency of another action for the same cause, brought on the same day and served at the same time. Whereupon the plaintiff filed a motion to discontinue the action of assumpsit which the presiding Justice allowed against the defendant's objection. The plaintiff then filed a replication to the defendant's plea in abatement to the action of covenant broken, to which the defendant demurred. The court overruled the demurrer to which ruling the defendant excepted.

The case then proceeded to trial and chiefly upon the issue of whether the plaintiff was a regular priest in good standing at the time of entering into the contract. Evidence on both sides of this issue was introduced, and also disclosed that a priest in the Eastern Orthodox Church of Greece must receive a certificate of appointment from the Holy Synod at Athens in Greece, presided over by the Archbishop of Athens, and that no person is permitted to officiate as a priest in that church without such a certificate.

In proof of his appointment the plaintiff offered a certificate issued by a bishop of that church stationed in the United States, under date of September 16, 1919, to the effect that he was a duly ordained priest and was appointed minister in the Hellenic Ortho-

dox Community of Holyoke, Massachusetts. The court received the certificate in evidence subject to the defendant's exception.

The case is now before the court on the defendant's exceptions. We think they must both be sustained. While it is not quite clear from the pleadings just what questions are raised by the defendant's demurrer to the plaintiff's replication, all the authorities appear to be in accord that where two actions are brought for the same cause, on the same day and are served at the same time, both should be abated. *Walsh* v. *Jones*, 1 Mich,. 254, *Beach* v. *Norton*, 8 Conn., 71; *Doris* v. *Dunkiee*, 9 N. H., 545; *Haight* v. *Holly*, 3 Wendell, 258; *Dengler* v. *Hayes*, 63 N. J. L., 14, Ency. of Pleading and Practice, Vol. 1, Page 753.

Where one is brought after the other for good and sufficient reason, the first may be discontinued or the second abated. *Brown* v. *Brown*, 110 Maine, 280. But where both are brought and served at the same time, the court cannot and is not obliged to determine which is first and which is second. Both are deemed vexatious and both should be abated. The practice of bringing two suits for the same cause though in different form and serving them at the same time has nothing to commend it and should be discouraged. They do not stand on the same footing as two suits, one of which is brought after the other because of some defect in the first or where for some other good reason it is desired to discontinue the first, or the second is afterwards brought in good faith and for purposes which are not vexatious, which is the basis of the decision in the case of *Brown* v. *Brown*, supra, and the cases therein cited.

That both these actions were for the same cause there can be no question. Though different in form, a judgment in either would have been a good bar to the other, *Newell* v. *Newton*, 10 Pick., 470. Both should have been abated.

The certificate of the official standing of the plaintiff in September, 1919, had no probative force on the issues in the case which was the standing of the plaintiff in the church in November, 1915, and should not have been received. Neither does it appear from the case that it was issued by anyone with authority in the premises. ·

*Exception sustained.*
*Demurrer sustained. Writ abated.*