214

ARTHUR A. FONTAINE

*vs.*

THOMAS PEDDLE

Kennebec.   Opinion, July 6, 1949.

*Charles A. Peirce,* for plaintiff.

*McLean, Southard and Hunt,* for defendant.

SITTING: MURCHIE, C. J., THAXTER, FELLOWS, MERRILL, NULTY, WILLIAMSON, JJ.

FELLOWS, J. This case is on exceptions by defendant to rulings by the presiding justice at a term of Kennebec County Superior Court. The Bill of Exceptions is based on the fact that the plaintiff Arthur Fontaine sued out a second action in the same court against Thomas Peddle while a first action was pending for the same cause. The plea in abatement filed by the defendant to the second suit and the plaintiff's motion for voluntary nonsuit in the first suit were heard by the court at the same time. Exceptions were taken by the defendant to the granting of motion for nonsuit, and to the overruling of plea in abatement. A trial was then had in the second action, and the jury found for the plaintiff in the sum of $591.25, as claimed in the account annexed.

It appears that an account for labor and materials performed and furnished for construction of a road on defendant's premises was claimed by the plaintiff, Arthur Fontaine, to be due him from the defendant, Thomas Peddle. The plaintiff sued out a writ of assumpsit with account annexed, *ad damnum* $1,000, and attached the defendant's real estate on July 29, 1947 and obtained service August 22, 1947. The writ was entered at the October Term 1947 of Kennebec Superior Court and continued from term to term to the October Term 1948. On September 1, 1948 the plaintiff brought the second action and attached the defendant's Pontiac automobile. This second suit was entered at the October Term 1948, and was the action which the defendant desired to abate and which was tried. On the first day of the October Term 1948 the plaintiff filed motion for voluntary nonsuit in the first action which was granted, and the costs ordered paid forthwith to defendant. On the same first day of the October Term 1948 the defendant filed a plea in abatement to the second action on the ground that there was another action pending between the parties for the same cause. After demurrer to the plea had been overruled, the plaintiff, under right reserved and permission granted, filed replication that the prior suit had been terminated by voluntary nonsuit. Defendant filed rejoinder that

plaintiff "began his second action to vex and harass the said defendant." To this rejoinder plaintiff answered that he did not "bring the second action to vex and harass." This issue of fact was submitted to the presiding justice for his decision thereon.

Evidence was presented by the defendant of the value of the real estate, the encumbrances thereon, the facts and circumstances relative to bringing the first and second actions, the claimed detrimental effect on defendant's personal and business affairs, the conversations between parties and counsel, and the giving of bond to release automobile. The presiding justice, in effect, found that the plaintiff did not "vex and harass" by bringing the second suit, that it was not in fact "vexatious" but was necessary to "protect plaintiff's rights," and overruled the defendant's plea in abatement. Exceptions were taken and the case went to a trial resulting in verdict for the plaintiff for the amount claimed.

It does not appear that there was any defect in the first suit brought, but it does appear that the real estate attached as belonging to the defendant was heavily encumbered. The appraisal value of defendant's real estate, set by experts who testified for the defendant and one of whom had the property to sell, was $11,500. The amount due on two mortgages thereon was about $3,700. There was a wife's one-third interest in expectancy, and there were attachments in the sum of $1,575 ahead of the attachment made by plaintiff. In addition there was a tax lien. To satisfy a judgment for the plaintiff's claim for $591, according to the defendant's own contentions, it would be necessary for plaintiff to arrange to pay prior claimants approximately $7,500. In other words, there was a possible equity of $4,000 from which the plaintiff might be paid the amount of a judgment, if the property brought as much as the $11,000 at sheriff's sale.

The mere fact that a second suit was commenced by the plaintiff while the first suit was pending does not show that the second suit was necessarily vexatious. The rule allowing a plea in abatement for pendency of another action is applied to promote justice. The court may inquire and determine whether the second suit was vexatious or was necessary to protect and secure the plaintiff's full rights. In fact, the plea in abatement may sometimes be avoided by discontinuance of the former action even after the plea is filed. *Brown* v. *Brown,* 110 Me. 280; 86 A. 32. Where two actions, however, are brought for the same cause at the same time both actions will be abated upon plea seasonably filed. *Garoufalis* v. *Agia Trias,* 119 Me. 452; 111 A. 757.

Here, the record shows that the plaintiff had a real estate attachment in the first case but the real estate was heavily encumbered and its sale value uncertain. The plaintiff had an account for goods and materials sold and delivered. What apparently disturbed the defendant was the necessity to secure a bond to release the attachment of his automobile, and the fact that he was deprived of its use for several days. The plaintiff, as the presiding justice found, should not be compelled under the circumstances here to rely on doubtful and most uncertain security, when, long after his first suit, the certain security appeared. If there was delay for the defendant in securing bond to release the attachment, the evidence indicates that he himself was at fault for the greater part of the delay. Then, too, the plaintiff went to voluntary nonsuit in the first action at the return term of the second, and on the same day of the filing of plea in abatement. The nonsuit costs were ordered paid forthwith as required by R. S. (1944), Chap. 100, Sec. 164, and that the payment of the costs was duly made is not questioned. The voluntary nonsuit was a matter of right. *Washburn* v. *Allen,* 77 Me. 344; *Hayden* v. *Railroad,* 118 Me. 442; 108 A. 681.

The evidence does not indicate that the defendants had been in any manner disturbed by the attachment of his real estate in the first suit. There were many prior encumbrances and attachments of long standing. The plaintiff, however, was undoubtedly troubled by lack of apparent ability to collect a judgment, and as a result allowed his case to be continued term after term for the period of a year. When the plaintiff found certain security he brought the second suit, and then moved for nonsuit in the prior suit at the first opportunity.

It was the duty of the presiding justice, on plea in abatement filed in the second action, to balance the annoyance or expense to the defendant, if any, as against the rights of the plaintiff, and "if it appears that the second suit was not brought to harass or vex the defendant, and is not in fact vexatious, it is more equitable to allow the second suit to stand and the first to be discontinued upon proper terms, if not already discontinued, than to order an abatement of the second suit and thereby subject the plaintiff to the possible loss of substantial rights, and in any event to the expense and delay of beginning anew." *Brown* v. *Brown,* 110 Me. 280, 284.

The rulings of the presiding justice in the case at bar have legal and sufficient evidence to support them.

*Exceptions overruled.*