## SCHAUB v. CAROLINA CONSTRUCTION COMPANY.

1. ABATEMENT AND REVIVAL—COURTS.
   A plea in abatement is not favored by the courts as it does not deal with the merits of the case.

2. SAME—MOTION TO DISMISS.
   Objections which formerly could be raised by a plea in abatement may now be raised by a motion to dismiss (CL 1948, § 614.4).

3. SAME—TERMINATION OF PRIOR ACTION.
   The termination of the prior action even after the filing of the plea in abatement may be sufficient to defeat the plea based upon the pendency of a prior action between the same parties and for the same cause.

4. SAME—DEFECTIVE PROCESS RENDERING PENDING ACTION INEFFEC-TUAL.
   A pending action which is ineffectual because of defects in process or service thereof ordinarily is not ground for abatement.

5. SAME—INEFFECTUAL PENDING ACTION—VEXATIOUS ACTION.
   A second action is not vexatious, where the pending action must have been ineffectual, hence insufficient to abate the second.

REFERENCES FOR POINTS IN HEADNOTES
[1] 1 Am Jur, Abatement and Revival § 70.
[2] 1 Am Jur, Abatement and Revival § 72.
[3–6] 1 Am Jur, Abatement and Revival §§ 16–20.

6. SAME—MOTION TO DISMISS—DISCONTINUANCE OF PRIOR ACTION.
    It was error to grant motion to dismiss second action against
    defendant in Macomb county because at time such motion was
    filed there was then pending against such defendant an action
    of the same type in Oakland county, where defendant had never
    been brought within the jurisdiction of the Oakland county
    court, had never been served with process therein, never ap-
    peared, and never pleaded there, and was inconvenienced in
    no way.

Appeal from Macomb; Noe (Alton H.), J. Sub-
mitted October 12, 1961. (Docket No. 69, Calendar
No. 48,960.) Decided March 15, 1962.

Case by Roland Schaub and Virginia Schaub
against Carolina Construction Company, a Michigan
corporation, to recover deposit on purchase of home
and for damages for breach of contract. Dismissed
on motion because of similar action pending when
case instituted. Plaintiffs appeal. Reversed and
remanded.

*William K. Kreston,* for plaintiffs.

OTIS M. SMITH, J. An order was made by the cir-
cuit court for Macomb county dismissing plaintiffs'
action at law on the grounds that a similar action had
been pending in the circuit court for Oakland county
at the time the defendant in this cause made its mo-
tion to dismiss. The defendant filed its motion on
July 20, 1960, in the Macomb court. The plaintiffs
discontinued their action in the Oakland court on
August 3, 1960. Argument on the motion in Macomb
was heard on August 8, 1960, whereupon the circuit
judge granted the defendant's motion to dismiss.
From the order dismissing their action, plaintiffs
take general appeal, the amount in controversy being
in excess of $500.

Plaintiff-appellants state the question as follows:
"Where a second suit is commenced while a first

like suit is pending (though no service in the first suit has been had and about 3 months have elapsed after the return date on the first suit summons), and the plaintiff discontinues the first suit after being served with a motion to dismiss the second suit, should the defendant's motion to dismiss (filed 20 months after service of summons) be granted?" The defendant-appellee did not file a brief.

From the record we find that plaintiffs commenced suit in Oakland county on April 28, 1958, by filing a declaration. Summons issued against the 2 defendants named therein: Harry L. Wood, individually and doing business as Anchor Real Estate and Insurance, and Carolina Construction Company, a Michigan corporation. The summons was made returnable June 23, 1958.

The defendant, Harry L. Wood, was served with summons on May 8, 1958. An appearance was filed for him on May 21, 1958. On June 30, 1958, the circuit court for the county of Oakland entered an order dismissing the declaration of plaintiffs as to the defendant, Harry L. Wood, individually and doing business as Anchor Real Estate and Insurance. This defendant no longer figures in the case. The record does not disclose that the defendant Carolina Construction Company was ever served with process in the Oakland circuit court.

The action then moved to the Macomb county circuit court. There the plaintiffs filed the same type of action against the defendant, Carolina Construction Company, on September 23, 1958. The defendant caused its appearance to be entered on November 18, 1958. The matter was at issue on March 6, 1959. There were other proceedings in the interim not pertinent to the issue.

However, on July 20, 1960, defendant made its motion to abate and dismiss on the grounds that a suit based on the same cause of action was pending

against it in the Oakland county circuit court. In the affidavit in support of the motion defendant's attorney averred that the case in Oakland county had "just recently" come to his attention. In his answer the attorney for plaintiffs stated that the action in the Oakland circuit had been discontinued and thereafter filed a copy of the order of discontinuance in proof thereof.

A plea in abatement, such as granted in the order to dismiss, is described at common law as a dilatory plea. The courts have generally maintained a hostile attitude towards such pleas because they do not deal with the merits of the case. A considerable body of case law has developed about the topic of abatement where a prior action is pending when a second suit is filed. In Michigan, generally, all objections which formerly could be raised by a plea in abatement may now be raised by a motion to dismiss. CL 1948, § 614.4 (Stat Ann § 27.814).

Although there is some conflict of authority, the modern rule now well established in most jurisdictions is that termination of the prior action even after the filing of the plea in abatement may be sufficient to defeat the plea based upon the pendency of a prior action between the same parties and for the same cause. *Fontaine* v. *Peddle,* 144 Me 214 (67 A2d 539); *Bond* v. *Frost* (CCP Ohio), 125 NE2d 379; *Upton* v. *Whitely County* (Ky), 256 SW2d 3.*

Further, it has been held that a pending action which is ineffectual because of defects in process or service thereof ordinarily is not ground for abatement. 1 CJS, Abatement and Revival, § 68(c), p 107. In *Sillerman* v. *National Council of Knights and Ladies of Security,* 137 Minn 428 (163 NW 783), the supreme court of Minnesota held that where process in the first suit was insufficient to bring the

* See cases from numerous jurisdictions annotated in 118 ALR 1477, 1480.

party within the jurisdiction of the court, application to abate the second suit was denied.

It is stated in *Wales* v. *Jones,* 1 Mich 254, that it is a sound and reasonable doctrine that when it appears that the first action must have been ineffectual, that its pendency shall not abate the second, because in such a case the latter is not vexatious. The Court reasoned further that where by the discontinuance of 1 suit the defendant is not unnecessarily harassed by the defense of 2 suits for the same cause at the same time, the second suit cannot be deemed vexatious and cannot therefore be abated by the pendency of the prior suit when it was commenced. The Court held (p 255) that "On the contrary, to hold the second suit abatable for that cause would be to make the law favor, rather than abhor, a multiplicity of suits, inasmuch as it would render another action necessary, when the plaintiff's claim is a meritorious one."

Was plaintiffs' suit in the Macomb county circuit court vexatious? We think not. The defendant was never brought within the jurisdiction of the court in the first suit in Oakland county, neither by service of summons nor any other process. The defendant had not entered an appearance in the first case and therefore had not been required to plead. The defendant was inconvenienced in no way. On its face, the second suit was not vexatious. In view of the law cited above, the motion to dismiss should have been denied.

Reversed and remanded. Costs to appellants.

KELLY, BLACK, KAVANAGH, and SOURIS, JJ., concurred with SMITH, J.

DETHMERS, C. J., and CARR, J., concurred in result.

ADAMS, J., took no part in the decision of this case.