GARDNER P. CLARK *vs.* EUNICE M. CLARK.

It is no defence to a libel for divorce that the libellant omitted to commence his action for twenty-two years after the guilty act alleged, and cohabited with the libellee during the first eighteen years thereof, when it appears that during the whole term of such cohabitation he was ignorant of the act, and it does not appear precisely at what period of the four years ensuing he first acquired knowledge of it.

LIBEL for divorce from the bond of matrimony for adultery alleged to have been committed by the libellee in July 1844 at Potten, in Canada East, with one Samuel A. Clark. At the hearing, before *Wells*, J., the act was proved by the testimony of a brother of the libellant, who saw it committed, and informed his parents thereof, at whose house the libellee was then visiting, and in consequence she returned to Worcester in this state where her husband was residing. A few months afterwards the parties removed from Worcester to Potten where they lived until 1862, and a child was born to them in 1848. In June 1862 the libellant detected the libellee in an act of adultery there, and at once left her and came to Massachusetts where he continued to reside, apart from her, to the time of filing this libel in 1866.

The libellant testified that he never knew of nor ever suspected the former act of adultery of the libellee until he was informed of it by his brother, after his separation from her in 1862; and the brother testified that he never informed him of it until then. On these facts the judge reserved the case for determination by the full court.

*F. P. Goulding,* for the libellant.

There was no appearance for the libellee.

BIGELOW, C. J. Mere lapse of time is not a defence to a libel for divorce. There must be some evidence to show knowledge by the libellant of the breach of the marriage obligations on which the libel is founded; and a failure or omission for an unreasonable period of time to prosecute an action of divorce, in order to defeat the right of a party to a decree dissolving the marriage. 2 Bish. Mar. & Div. (4th ed.) §§ 103–112, 342, and cases cited. In the case at bar there is nothing from which it can be inferred that there has been anything like connivance by the husband with the wife in her first act of adultery or of assent to or condonation of her breach of conjugal duty. On the contrary the evidence seems to be plenary and uncontradicted that the libellant remained in entire ignorance of the act of adultery alleged as the ground of the libel, until a short period before the commencement of this suit and after he had ceased to cohabit with her in consequence of a new act of adultery committed by her out of the jurisdiction of the courts of this Commonwealth. *Divorce granted.*