Hillsborough,  }
 June 5, 1901.  }

## CLARK *v.* CLEMENT *& a.*

An agreement for separation between husband and wife conclusively establishes the fact that the husband did not at the time of the agreement willingly abandon his wife, within the meaning of section 18, chapter 195, of the Public Statutes.

The fact that a husband lived in adultery for many years prior to the death of his wife, from whom he was separated by mutual agreement, is evidence of an intention to abandon her, but not conclusive.

The facts that a wife visited her husband after his illegal marriage, corresponded with him after knowledge of his adultery, and never made application for a divorce, are competent evidence on the question of her continued consent to their separation by agreement.

PETITION FOR PARTITION. Transferred from the September term, 1900, of the supreme court upon an agreed statement of facts, by *Pike*, J.

The plaintiff and Hannah F. Clark were married in 1856, and lived together until December, 1877, when they separated by mutual agreement. After the separation the plaintiff removed to Pennsylvania, where he has since resided. During his residence there, and prior to 1885, he cohabited with another woman as his wife, which fact was known to Hannah, and was so living at the time of Hannah's death. Neither party applied for a divorce or made any effort to resume their marriage relations. They corresponded with each other once or twice a year, and in 1885 Hannah visited the plaintiff at his home in Pennsylvania.

At the time of the separation the plaintiff conveyed to one Lane a house and lot valued at $3,250. Lane deeded to one Clement, who executed a declaration of trust for the benefit of Hannah in February, 1878, and conveyed the property to her in fee in February, 1887. Hannah occupied a portion of the house, and received a gross annual income of $216 from the remainder. The plaintiff never made any other provision for Hannah's support after the separation. She died in February, 1899, possessed of the realty described in the plaintiff's petition, and leaving a will in which no provision was made for him.

*John G. Crawford*, for the plaintiff.

*Harry E. Loveren*, for the defendants.

WALKER, J. The defendants claim, in the language of the statute (P. S., c. 195, s. 18), that the plaintiff "willingly abandoned his wife" and "absented himself from her . . . for the term of three years next preceding her death," and that therefore he is not "entitled to any interest or portion in her estate." The separation which took place in 1877, by mutual agreement, was not such an abandonment on the part of the plaintiff as is contemplated by the statute, notwithstanding its continuance to the time of her death in 1899. There is no evidence that she ever in fact revoked her agreement, or objected to a continuance of the separation. If she had done so, he might have returned. An agreement for a separation between husband and wife, while void as against public policy, conclusively establishes the fact that the husband did not at the time of the agreement abandon his wife. *Foote* v. *Nickerson*, 70 N. H. 496.

The fact that the plaintiff cohabited with another woman in Pennsylvania for many years before Mrs. Clark's death, while important as evidence of his intention to abandon his lawful wife, after he contracted his illegal marriage, does not as a matter of law make out a case of abandonment. It does not necessarily prove that Mrs. Clark, who knew of her husband's crime, withdrew her original consent to the separation; and if that continued until her death, she was not abandoned. The issue is not whether he has committed adultery, but whether he abandoned his wife without her consent or approval.

Moreover, it appears that she corresponded with her husband once or twice a year, her last letter being only a few days before her death; that at one time after his illegal marriage she visited him at his home; and that she never applied for a divorce, although she knew of her husband's adultery as early as 1885. As bearing on the question of her continued consent to the separation, these facts, with or without further explanation, are legitimate evidence to be considered at the trial term. *Smith* v. *Smith*, 43 N. H. 234; *Clark* v. *Clark*, 97 Mass. 331; 1 Nels. Div. & Sep., ss. 476, 515, 516.

For similar reasons, it is a question of fact whether the plaintiff "willfully neglected to support" his wife, within the meaning of the statute referred to. *Davis* v. *Davis*, 37 N. H. 191; *James* v. *James*, 58 N. H. 266.

*Case discharged.*

All concurred.