Hillsborough, Apr. 3, 1951. } No. 3963.

ARILDA SAYKALY *v.* MANCHESTER.

*Chretien & Craig* for the plaintiff.

*J. Francis Roche,* city solicitor, for the defendant.

KENISON, J. The right of a plaintiff to a voluntary dismissal prior to a hearing on the merits is not open to question in this state. *Webster* v. *Bridgewater,* 63 N. H. 296; *Leonard* v. *Fahey,* 87 N. H. 170, 171; *Judge of Probate* v. *Abbot,* 13 N. H. 21. At the time that the plaintiff submitted his motion to dismiss the petition without prejudice, the case had been reopened and no final decree had been made. At this stage of the proceedings the plaintiff could not dismiss the petition without prejudice as a matter of right but it could be dismissed only in the legally reviewable discretion of the Trial Judge. *Ingalls* v. *Railroad,* 83 N. H. 397. Such a limitation on the right to take a voluntary dismissal after the case is opened is generally considered today to represent the better practice. Vanderbilt, Minimum Standards of Judicial Administration, 251-254 (1949).

There is nothing in the record or the briefs of counsel to indicate the reasons for which the Trial Court granted the plaintiff's motion. Whether the motion was granted on evidence submitted or on statements of counsel does not appear. "There was no request that the facts be found" (*Vidal* v. *Errol,* 86 N. H. 585, 586) and no record of either the evidence or statements of counsel have been trans-

6

ferred. Such procedure is not uncommon; no objection to it was made by the parties in the trial court "and it is now too late for either of them to object to it." *Kusky* v. *Laderbush*, 96 N. H. 286, 287. We cannot say on the record before us that there was any abuse of discretion by the Presiding Justice in granting the motion to dismiss without prejudice. *Vidal* v. *Errol, supra.*

*Exception overruled.*

· All concurred.