Portsmouth District Court
No. 7524

LARRY A. BLETHEN

v.

EDWARD H. LAWRENCE

December 30, 1976

*Shaines, Madrigan & McEachern* and *Sanford Roberts*, by brief, for the plaintiff.

Edward H. Lawrence, pro se, by brief.

PER CURIAM. This is an action to recover a $1,000 down payment made by the plaintiff to the defendant pursuant to a purchase and sale agreement relating to real estate in Portsmouth. The plaintiff claims the agreement was never consummated and under its terms he is entitled to a return of his deposit.

The Presiding Justice, *Wyman P. Boynton,* rendered a verdict for the plaintiff for $1,000. The court found that an offer made by the plaintiff to the owners was allegedly signed by them but their acceptance was not communicated to the plaintiff by the defendant broker. The transaction having failed to take place because of this failure on the part of the defendant, the plaintiff was awarded the return of his deposit.

The case was transferred under RSA 502-A:17-a (Supp. 1975). There is no transcript of the evidence. Therefore, no question of the sufficiency of the evidence to sustain the verdict is before us, and we are limited to a consideration of whether any errors of law appear in the record. *Saykaly v. Manchester,* 97 N.H. 4, 79 A.2d 625 (1951); *Thayer v. State Tax Comm'n,* 113 N.H. 113, 302 A.2d 824 (1973). We have not considered material which the defendant has included in his brief, but which is not in the record.

The plaintiff denied that he ever received any "signed" copy of the acceptance of his offer, and the court ruled that the burden was on the defendant to produce evidence that such a copy was received. J. Calamari and J. Perillo, Contracts §§ 30, 35 (1970). The issue is whether it is sustainable. It is well established that while the ultimate burden of proof never shifts, the burden of going forward may do so. *Monroe Loan Society v. Nute,* 88 N.H. 13, 183 A. 703 (1936); *Gove v. Crosby,* 100 N.H. 380, 128 A.2d 205 (1956). In the circumstances here, it appears that the court acted properly and that there was no error of law.

The order is

*Judgment on the verdict.*