NOTICE:  This opinion is subject to motions for rehearing under Rule 22 as well as formal revision before publication in the New Hampshire Reports. Readers are requested to notify the Reporter, Supreme Court of New Hampshire, One Charles Doe Drive, Concord, New Hampshire 03301, of any editorial errors in order that corrections may be made before the opinion goes to press.  Errors may be reported by email at the following address: reporter@courts.state.nh.us.  Opinions are available on the Internet by 9:00 a.m. on the morning of their release.  The direct address of the court's home page is: https://www.courts.nh.gov/our-courts/supreme-court

THE SUPREME COURT OF NEW HAMPSHIRE

———————————————

5th Circuit Court-Newport Probate Division
Case No. 2023-0606
Citation: In re Estate of Pelton, 2024 N.H. 69


IN RE ESTATE OF ROGER LEE PELTON

Submitted: September 10, 2024
Opinion Issued: December 19, 2024


Tracy Shepherd, self-represented party, on the brief.


Bragdon, Baron & Kossayda, PC, of Keene (Elana S. Baron on the brief), for the respondent.


PER CURIAM

[¶1] Roger Lee Pelton died intestate.  The respondent, Tina Burnham, entered the estate case claiming to be a surviving spouse.  The respondent was married to the decedent, and they never divorced.  She later purportedly married Lincoln Burnham (Lincoln).  Pointing to the respondent's subsequent purported marriage, the administrator of the Pelton estate, Tracy Shepherd, argued that the surviving spouse statute, RSA chapter 560, barred the respondent's claim.  Specifically, the administrator argued that the respondent "abandoned" the decedent, see RSA 560:18 (2019), and that the decedent was justifiably living apart from the respondent because she was "guilty of conduct which constitutes cause for divorce."  See RSA 560:19 (2019).  The Probate Division of the Circuit Court (Hersh, J.) disagreed with the administrator.  On

appeal, the administrator largely re-asserts the arguments made before the trial court. We affirm in part, vacate in part, and remand.

I. Background

[¶2] The trial court found or the record supports the following facts. In October 2010, Pelton and the respondent were married in Maine. The two decided to keep their marriage a secret. They lived together from 2008 to 2013. In September 2013, the respondent purportedly married Lincoln at Pelton's home. After the purported marriage to Lincoln, the respondent moved out of Pelton's home and moved in with Lincoln. Pelton died intestate on December 13, 2022.

[¶3] After Pelton's death, the administrator, one of Pelton's three daughters, submitted his estate for probate. Believing that she was entitled to a portion of his estate, the respondent filed a "New Case Participant Information" form in the circuit court and entered the case as a "Surviving Spouse." The administrator filed a motion to estop the respondent from inheriting from the estate as a surviving spouse. Following a hearing, the circuit court denied the administrator's motion. The administrator unsuccessfully sought reconsideration. This appeal followed.

II. Analysis

[¶4] RSA 561:1, I, grants a statutory share of the decedent's estate to a surviving spouse in the case of intestacy. When a decedent has "surviving issue" "one or more of whom are not issue of the surviving spouse," the surviving spouse will receive "the first $100,000, plus 1/2 of the balance of the intestate estate." RSA 561:1, I(e) (Supp. 2023).

[¶5] On appeal, the administrator asserts that the trial court erred in applying RSA 560:18 and RSA 560:19. We address these arguments in turn.

[¶6] Our standard for reviewing probate division decisions is set forth by statute. See RSA 567-A:4 (2019). "The findings of fact of the judge of probate are final unless they are so plainly erroneous that such findings could not be reasonably made." Id. Consequently, we will not disturb the probate division's decree unless it is unsupported by the evidence or plainly erroneous as a matter of law. In re Estate of Dow, 174 N.H. 37, 41 (2021).

[¶7] We first address the administrator's argument that the trial court erred by finding that the respondent did not "willingly abandon" Pelton. RSA 560:18 provides:

If a husband has willingly abandoned his wife and has absented himself from her, or has willfully neglected to support her, or has not been heard from, in consequence of his own neglect, for the term of three years next preceding her death, he shall not be entitled to any interest or portion in her estate, real or personal, except such as she may have given to him in her will.

See also RSA 21:3 (2020) ("Gender-specific terms relating to the marital relationship . . . including without limitation . . . "husband," "wife," . . . shall be construed to be gender-neutral for all purposes throughout New Hampshire law . . . ."); In re Guardianship of Madelyn B., 166 N.H. 453, 458 (2014) (explaining that RSA 21:3 applies to all statutes "unless such construction should be inconsistent with the manifest intent of the legislature or repugnant to the context of the same statute").

[¶8] The trial court found that "the evidence supports the reasonable inference that, for whatever reason, the decedent tacitly consented and/or otherwise agreed with Respondent's subsequent life choices." The record supports this finding. Thus, relying on Clark v. Clement, 71 N.H. 5 (1901), the trial court determined that "[s]uch an arrangement vitiates a claim of abandonment as it is defined in New Hampshire law." The trial court's conclusion is correct.

[¶9] The abandonment statute has remained unchanged since at least 1891. Compare RSA 560:18 with PS ch. 196 § 18 (1891). In Clark, we interpreted the statute to conclude that an agreement between a husband and wife to live apart did not constitute statutory abandonment. Clark, 71 N.H. at 6. We explained that merely "cohabitat[ing] with another woman . . . does not as a matter of law make out a case of abandonment." Id. Therefore, consent of the other spouse defeats a claim of abandonment. Id. ("The issue . . . [is] whether [the husband] abandoned his wife without her consent or approval."); see also Foote v. Nickerson, 70 N.H. 496, 518-19 (1900) (holding that the statute did not apply to divest the husband's spousal share when the husband and decedent wife agreed to live apart prior to the decedent's death). Accordingly, the trial court's conclusion regarding RSA 560:18 is not unsupported by the evidence or plainly erroneous as a matter of law. See Dow, 174 N.H. at 41.

[¶10] The administrator next argues that RSA 560:19 bars the respondent from inheriting a surviving spousal share because she engaged in "bigamy" and adultery. RSA 560:19 provides:

If, at the time of the death of either husband or wife, the decedent was justifiably living apart from the surviving husband or wife because such survivor was or had been guilty of conduct which

3

constitutes cause for divorce, such guilty survivor shall not be entitled to any interest or portion in the real or personal estate of said decedent, except such as may be given to such survivor by the will of the deceased.

[¶11] Adultery is conduct that constitutes cause for divorce; bigamy is not. See RSA 458:7 (2018). For the purposes of analyzing RSA 560:19, the trial court drew "the reasonable inference" that the respondent engaged in adultery. However, the court found that the evidence supported that the decedent "impliedly consented to the Respondent's lifestyle choices." The trial court also concluded that because the decedent had not commenced an action for divorce, it did not need to decide "whether sufficient grounds existed for the Decedent to seek a divorce for cause."

[¶12] We have interpreted RSA 560:19 to require a different analysis. By its plain language, the statute requires, in relevant part, a finding that the "decedent was justifiably living apart [from the surviving spouse] because such survivor was or had been guilty of conduct which constitutes cause for divorce." RSA 560:19. We have described the statute's two conditions — "justifiably living part" and "guilty conduct" — to be "interdependent conditions which must exist at the time of death." Gove v. Crosby, 98 N.H. 469, 472 (1954) (Gove I) ("[T]he decedent is required to have been living apart because such a cause existed . . . indicating that some decision on the part of the decedent is required."). The burden is on the administrator to prove these two conditions. Gove v. Crosby, 100 N.H. 380, 381 (1956) (Gove II). Only after both conditions are satisfied does the analysis consider the claiming spouse's affirmative defenses, such as condonation. See Tibbetts v. Tibbetts, 109 N.H. 239, 241 (1968) (explaining that condonation is a "question of intent . . . evidencing a full, free and voluntary forgiveness"). In the context of interpreting RSA 560:19, we have stated that evidence of such an affirmative defense must be "conclusive." Gove I, 98 N.H. at 474.

[¶13] The trial court made no finding with respect to RSA 560:19's first condition. On remand, it should. With respect to the second condition, we agree that the evidence supports the trial court's conclusion that the respondent engaged in adultery. The trial court may then consider whether there is "conclusive" evidence of an affirmative defense to adultery. See id.

4

[¶14] Accordingly, we vacate and remand to the trial court for proceedings consistent with this opinion. We have considered the administrator's remaining argument and have concluded that it does not warrant further discussion. See Vogel v. Vogel, 137 N.H. 321, 322 (1993).

Affirmed in part; vacated in part; and remanded.

MACDONALD, C.J., and BASSETT, DONOVAN, and COUNTWAY, JJ., concurred.